Filed 4/22/13

**CERTIFIED FOR PARTIAL PUBLICATION**[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| MIGUEL MENDOZA, | B239245 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC460750) |
| v. | |
| REED K. HAMZEH, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Mary Ann Murphy, Judge.  Affirmed.

Law Offices of Geoffrey T. Stover and Geoffrey T. Stover for Defendant and Appellant.

David A. Cordier for Plaintiff and Respondent.

_____

[*] Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of part II of the Discussion.

Defendant Reed Hamzeh appeals from an order denying his anti-SLAPP motion and requiring him to pay plaintiff's attorney fees under Code of Civil Procedure section 425.16.[1]  We affirm.

## BACKGROUND

In May 2011, plaintiff Miguel Mendoza filed this action against attorney Reed Hamzeh, asserting causes of action for civil extortion, intentional infliction of emotional distress and unfair business practices.  The lawsuit arises from a May 6, 2009 letter (the demand letter) Hamzeh sent to Mendoza while Hamzeh was representing a client named Guy Chow regarding a dispute between Chow and Mendoza.  The dispute concerned Mendoza's employment as the manager of Chow's print and copy business.

The demand letter from Hamzeh to Mendoza begins:  "As you are aware, I have been retained to represent Media Print & Copy ('Media').  We are in the process of uncovering the substantial fraud, conversion and breaches of contract that your client has committed on my client. . . .  To date we have uncovered damages exceeding $75,000, not including interest applied thereto, punitive damages and attorneys' fees.  If your client does not agree to cooperate with our investigation and provide us with a repayment of such damages caused, we will be forced to proceed with filing a legal action against him, as well as reporting him to the California Attorney General, the Los Angeles District Attorney, the Internal Revenue Service regarding tax fraud, the Better Business Bureau, as well as to customers and vendors with whom he may be perpetrating the same fraud upon [sic]."  The letter goes on to list Mendoza's alleged transgressions, including failure to pay Media's employees, sales taxes and bills.

In his complaint in this action, Mendoza asserts "Hamzeh's threat to report Mendoza to the California Attorney General, the Los Angeles District Attorney, and the Internal Revenue Service constitute[s] the crime of extortion under California law."  As set forth above, based on the demand letter, Mendoza brought causes of action against

---

[1] Statutory references are to the Code of Civil Procedure unless otherwise indicated.

Hamzeh for civil extortion, intentional infliction of emotional distress and unfair business practices.

In September 2011, Hamzeh filed his anti-SLAPP motion, asking the trial court to strike Mendoza's complaint on grounds the demand letter constitutes a protected litigation communication under the anti-SLAPP statute and Mendoza cannot establish a probability of prevailing on his claims because they are barred by the litigation and common interest privileges (Civ. Code, § 47, subds. (b) & (c)). Hamzeh argued he was entitled to attorney fees and costs under section 425.16, subdivision (c)(1).

On October 20, 2011, before filing an opposition to the anti-SLAPP motion, Mendoza's counsel sent a letter to Hamzeh's counsel stating his intention to seek an award of attorney fees under section 425.16, subdivision (c), on grounds the anti-SLAPP motion was frivolous or solely intended to cause unnecessary delay. Mendoza's counsel argued Hamzeh failed to cite in his anti-SLAPP motion the "controlling" California Supreme Court case, *Flatley v. Mauro* (2006) 39 Cal.4th 299, 305 (*Flatley*), holding settlement communications which constitute criminal extortion as a matter of law are not covered by the anti-SLAPP statute. Mendoza's counsel asserted "There is little doubt that Mr. Hamzeh committed extortion when he threatened to report my client to the California Attorney General, the Los Angeles District Attorney, the Internal Revenue Service, the Better Business Bureau, etc. unless my client agreed to pay all damages allegedly caused (which at the time of the letter was represented to be in excess of $75,000) and to cooperate with their investigation."

Hamzeh did not withdraw his anti-SLAPP motion so, on December 1, 2011, Mendoza filed his opposition to the motion and sought attorney fees. Hamzeh filed a reply brief arguing "*Flatley* is inapposite because Hamzeh did not commit a crime." (Capitalized and bold font omitted.)

After hearing oral argument, the trial court denied the anti-SLAPP motion, concluding the communication at issue was not covered by the anti-SLAPP statute based

3

on the holding in *Flatley*, *supra*, 39 Cal.4th 299. The court awarded Mendoza $3,150 in attorney fees.[2]

## DISCUSSION

### I. Anti-SLAPP Motion

#### A. Standard of review

"Review of an order granting or denying a motion to strike under section 425.16 is de novo." (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 (*Soukup*).) "We consider 'the pleadings, and supporting and opposing affidavits upon which the liability or defense is based.' (§ 425.16, subd. (b)(2).) However, we neither 'weigh credibility [nor] compare the weight of the evidence. Rather, [we] accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.'" (*Soukup*, *supra*, 39 Cal.4th at p. 269, fn. 3.)

#### B. Section 425.16

Under section 425.16, a party may move to dismiss "certain unmeritorious claims that are brought to thwart constitutionally protected speech or petitioning activity." (*Robinzine v. Vicory* (2006) 143 Cal.App.4th 1416, 1420-1421.) Section 425.16 provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

In evaluating an anti-SLAPP motion, we conduct a two-step analysis. First, we must decide whether the defendant "has made a threshold showing that the challenged

---

[2] The trial court ruled on Mendoza's objections to evidence Hamzeh offered in connection with his anti-SLAPP motion. Hamzeh does not challenge this ruling on appeal.

cause of action arises from protected activity." (*Taheri Law Group v. Evans* (2008) 160 Cal.App.4th 482, 488.) For these purposes, protected activity "includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

Second, if the defendant makes this threshold showing, we decide whether the plaintiff "has demonstrated a probability of prevailing on the claim." (*Taheri Law Group v. Evans*, *supra*, 160 Cal.App.4th at p. 488.)

### C. *Flatley*, *supra*, 39 Cal.4th 299

In *Flatley*, *supra*, the California Supreme Court concluded the anti-SLAPP statute does not apply to communications which constitute criminal extortion as a matter of law because such communications are "unprotected by constitutional guarantees of free speech or petition." (39 Cal.4th at p. 305.) As the *Flatley* Court set forth:

"'Extortion is the obtaining of property from another, with his consent . . . induced by a wrongful use of force or fear. . . .' (Pen. Code, § 518.) Fear, for purposes of extortion 'may be induced by a threat, either: [¶] . . . [¶] 2. To accuse the individual threatened . . . of any crime; or, [¶] 3. To expose, or impute to him . . . any deformity, disgrace or crime[.]' (Pen. Code, § 519.) 'Every person who, with intent to extort any money or other property from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat such as is specified in Section 519, is punishable in the same manner as if such money or property were actually obtained by means of such threat.' (Pen. Code, § 523.)" (*Flatley*, *supra*, 39 Cal.4th at p. 326.)

5

The threat to report a crime may constitute extortion even if the victim did in fact commit a crime. The threat to report a crime may in and of itself be legal. But when the threat to report a crime is coupled with a demand for money, the threat becomes illegal, regardless of whether the victim in fact owed the money demanded. (*Flatley*, *supra*, 39 Cal.4th at pp. 326-327.) "'The law does not contemplate the use of criminal process as a means of collecting a debt.' [Citations.]" (*Ibid*.) "Attorneys are not exempt from these principles in their professional conduct. Indeed, the Rules of Professional Conduct specifically prohibit attorneys from 'threaten[ing] to present criminal, administration, or disciplinary charges to obtain an advantage in a civil dispute.' (Cal. Rules of Prof. Conduct, rule 5-100(A).)" (*Id.* at p. 327.)

Of the anti-SLAPP cases the parties cite, *Flatley* has the most similar fact pattern to the case before us. As stated in the Supreme Court's opinion: "Plaintiff Michael Flatley, a well-known entertainer, sued defendant D. Dean Mauro, an attorney, for civil extortion, intentional infliction of emotional distress and wrongful interference with economic advantage. Flatley's action was based on a demand letter Mauro sent to Flatley on behalf of Tyna Marie Robertson, a woman who claimed that Flatley had raped her, and on subsequent telephone calls Mauro made to Flatley's attorneys, demanding a seven-figure payment to settle Robertson's claims. Mauro filed a motion to strike Flatley's complaint under the anti-SLAPP statute." (*Flatley*, *supra*, 39 Cal.4th at p. 305.)

In concluding the communications constituted extortion as a matter of law, and therefore the anti-SLAPP statute did not apply, the Supreme Court explained: "At the core of Mauro's letter are threats to publicly accuse Flatley of rape and to report and publicly accuse him of other unspecified violations of various laws unless he 'settled' by paying a sum of money to Robertson of which Mauro would receive 40 percent. In his follow-up phone calls, Mauro named the price of his and Robertson's silence as 'seven figures' or, at minimum, $1 million." (*Flatley*, *supra*, 39 Cal.4th at p. 329.) Mauro also insinuated in the demand letter that Flatley had committed "various criminal offenses involving immigration and tax law as well as violations of the Social Security Act." (*Id.* at p. 330.)

Mauro argued the litigation privilege set forth in Civil Code section 47, subdivision (b), applied to the demand letter. The Supreme Court concluded, regardless of whether the litigation privilege applied to the threats in the demand letter, such threats "are nonetheless not protected under the anti-SLAPP statute because the litigation privilege and the anti-SLAPP statute are substantively different statutes that serve quite different purposes, and it is not consistent with the language or the purpose of the anti-SLAPP statute to protect such threats." (*Flatley*, *supra*, 39 Cal.4th at p. 322.)

### D. Analysis

The anti-SLAPP statute does not apply to the threats at issue in Hamzeh's demand letter.[3] Hamzeh threatened to report Mendoza "to the California Attorney General, the Los Angeles District Attorney, the Internal Revenue Service regarding tax fraud, [and] the Better Business Bureau," and to disclose the alleged wrongdoing to Mendoza's customers and vendors if Mendoza did not pay "damages exceeding $75,000." Regardless of whether Mendoza committed any crime or wrongdoing or owed Chow money, Hamzeh's threat to report criminal conduct to enforcement agencies and to Mendoza's customers and vendors, *coupled with a demand for money*, constitutes "criminal extortion as a matter of law," as articulated in *Flatley*. (39 Cal.4th at p. 330.)

The fact Hamzeh did not list specific crimes in the demand letter does not mean the threat is not extortionate. "'[T]he accusations need only be such as to put the intended victim of the extortion in fear of being accused of some crime. The more vague and general the terms of the accusation the better it would subserve the purpose of the accuser in magnifying the fears of his victim . . . .' [Citations.]" (*Flatley*, *supra*, 39 Cal.4th at p. 327.)

Hamzeh asserts, in applying *Flatley* to the present case, "the trial court read *Flatley* too broadly." We acknowledge the attorney's conduct in *Flatley* was more egregious than Hamzeh's conduct, in terms of nature and number of threats. Moreover,

---

[3] Hamzeh "did not deny that he sent the letter . . . . We may therefore view this evidence as uncontroverted." (*Flatley*, *supra,* 39 Cal.4th at pp. 328-329.)

7

as Hamzeh points out, the Supreme Court "emphasize[d] that [its] conclusion that Mauro's communications constituted criminal extortion as a matter of law are based on the specific and extreme circumstances of this case." (*Flatley*, *supra*, 39 Cal.4th at p. 332, fn. 16.)[4]

Regardless of whether the threat in Hamzeh's demand letter may be characterized as particularly extreme or egregious, it still constitutes criminal extortion as a matter of law. As the Supreme Court explained in *Flatley*: "Extortion is the threat to accuse the victim of a crime or 'expose, or impute to him . . . any deformity, disgrace or crime' (Pen. Code, § 519) accompanied by a demand for payment to prevent the accusation, exposure, or imputation from being made." (39 Cal.4th at p. 332, fn. 16.) Hamzeh threatened to report Mendoza's "substantial fraud" to the California Attorney General, the Los Angeles District Attorney, the Internal Revenue Service, the Better Business Bureau and Mendoza's customers and vendors if Mendoza did not pay "damages exceeding $75,000."

We do not read *Flatley* to mean the anti-SLAPP statute applies to *some* litigation communications which satisfy the criteria for criminal extortion if such communications are not particularly extreme or egregious. The rule must be a bright line rule. The anti-SLAPP statute does not apply to litigation communications which constitute criminal extortion as a matter of law. (*Flatley*, *supra*, 39 Cal.4th at p. 305.)[5]

---

[4] In the same footnote where the above quote appears, the *Flatley* Court went on to explain that threats which are not coupled with a demand for money do not constitute criminal extortion: "Thus, our opinion should not be read to imply that rude, aggressive, or even belligerent prelitigation negotiations, whether verbal or written, that may include threats to file a lawsuit, report criminal behavior to authorities or publicize allegations of wrongdoing, necessarily constitute extortion. [Citation.] . . . . Nor is extortion committed by an employee who threatens to report the illegal conduct of his or her employer unless the employer desists from that conduct. In short, our discussion of what extortion as a matter of law is limited to the specific facts of this case." (*Flatley*, *supra*, 39 Cal.4th at p. 332, fn. 16.)

[5] We will not discuss here the various cases Hamzeh cites in which courts have applied the anti-SLAPP statute to litigation communications, including demand letters. (See,

The trial court did not err in denying Hamzeh's anti-SLAPP motion because the anti-SLAPP statute does not apply to the threat in Hamzeh's demand letter on which Mendoza's complaint is based. Because Hamzeh did not make a threshold showing any cause of action in Mendoza's complaint arises from protected activity, we need not decide whether Mendoza has demonstrated a probability of prevailing on his causes of action (the second step in the two-step anti-SLAPP analysis).

## II.    Plaintiff's Award of Attorney Fees

Under section 425.16, subdivision (c), "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." "'Frivolous' means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party." (§ 128.5, subd. (b)(2).)

Hamzeh challenges the award of attorney fees to Mendoza, arguing his anti-SLAPP motion was not frivolous or intended to cause delay. He does not challenge the amount of fees awarded to Mendoza. We review the trial court's award of attorney fees for abuse of discretion. (*Baharian-Mehr v. Smith* (2010) 189 Cal.App.4th 265, 275.)

We do not find the trial court abused its discretion in awarding attorney fees to Mendoza. Hamzeh brought an anti-SLAPP motion, failing to cite *Flatley*, the controlling California Supreme Court case on the issue and a case with a strikingly similar fact pattern. Hamzeh's assertion that his conduct—threatening to report Mendoza to law enforcement agencies unless Mendoza paid money—does not constitute extortion is devoid of merit.

Further, Mendoza's counsel sent a letter to Hamzeh's counsel on October 20, 2011, stating Mendoza's intention to seek attorney fees and citing *Flatley* as the controlling case. Mendoza filed his opposition 41 days later on December 1, 2011, allowing sufficient time for Hamzeh to reconsider his position in light of *Flatley*.

e.g., *Kashian v. Harriman* (2002) 98 Cal.App.4th 892.) Those cases do not involve extortion and are not on point.

9

Mendoza requests attorney fees on appeal. "Such fees are recoverable under the [anti-SLAPP] statute." (*Baharian-Mehr v. Smith*, *supra*, 189 Cal.App.4th at p. 275.) Mendoza is entitled to attorney fees and costs on appeal.

## DISPOSITION

The order denying Hamzeh's anti-SLAPP motion and awarding attorney fees to Mendoza is affirmed. Mendoza is entitled to recover attorney fees and costs on appeal in amounts to be determined by the trial court.

CERTIFIED FOR PARTIAL PUBLICATION.


CHANEY, J.

We concur:


MALLANO, P. J.


JOHNSON, J.