Filed 12/10/14  Braun v. Moser CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CONRAD J. BRAUN, | D064630 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2013-00041628-CU-FR-CTL) |
| KENNETH J. MOSER, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, John S. Meyer, Judge.  Affirmed in part, reversed in part and remanded with directions.

Conrad J. Braun, in pro. per., for Plaintiff and Appellant.

William Gerald Gillespie for Defendant and Respondent.

Plaintiff and appellant Conrad J. Braun, a self-represented litigant, appeals from a judgment in favor of defendant and respondent Kenneth J. Moser entered after the trial court granted Moser's Code of Civil Procedure[1] section 425.16 special motion to strike.

---

[1]    Statutory references are to the Code of Civil Procedure unless otherwise specified. Section 425.16 is commonly referred to as the anti-SLAPP (Strategic Lawsuit Against Public Participation) statute.  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 85.)

Braun contends the principal thrust or gravamen of his complaint was Moser's non-litigation-related conduct in advertising Moser's residential telephone number as a business so as to solicit lawful business calls for the purpose of filing fraudulent claims and obtaining fraudulent judgments for Telephone Consumer Protection Act (TCPA) violations.[2] We agree with Braun, and conclude that with the exception of Braun's claims for declaratory and injunctive relief, Moser did not establish that Braun's complaint arose from protected speech or petitioning under the anti-SLAPP statute. Because the anti-SLAPP statute does not apply, we need not decide whether Braun established a probability of prevailing on the merits of those claims. As for Braun's causes of action for declaratory and injunctive relief, we conclude the trial court correctly granted Moser's motion. We therefore affirm in part and reverse in part the order granting the special motion to strike and remand with directions set forth below.

FACTUAL AND PROCEDURAL BACKGROUND

The background facts are taken from the allegations of Braun's complaint, which we accept as true for purposes of Moser's motion. (*Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1267, fn. 2.)

---

[2] The TCPA was enacted to " 'protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls . . . by restricting certain uses of facsimile machines and automatic dialers.' " (*Satterfield v. Simon & Schuster, Inc.* (9th Cir. 2009) 569 F.3d 946, 954; *Apple Inc. v. Superior Court* (2013) 56 Cal.4th 128, 149.)

In May 2008, Moser, doing business as Marketing Support Systems, wrote Braun demanding that he pay $4,500 for an asserted TCPA violation for calling Moser's business telephone number. That same month, Moser sued Braun in San Diego County Small Claims Court, and was awarded $1,000 for claimed TCPA violations. Braun eventually settled the matter with Moser.

In July 2012, Moser sent additional demand letters to Tax Defense Network and Debt Care USA, both clients of Braun's company HomeyTel, Inc. In response, Braun found a Better Business Bureau (BBB) listing that indicated the telephone number belonged to Moser, dba Marketing Support Systems, from an address at Spica Drive. Braun informed Moser that commercial business-to-business calls were exempt from the TCPA right to a private action, and he asked Moser to stop sending demand letters purporting his business number to be residential. In August 2012, Braun's client Tax Defense Network told Braun that even though Moser's claim had no merit, it would settle with Moser for $1,500 rather than risk a nuisance small claims action, and that it would charge the settlement toward monies owed to Braun.

Thereafter, Moser filed two small claims lawsuits against Braun, HomeyTel, Inc. and Braun's clients Debt Care USA, Adam Hungerford, and Bill Conley. Moser dismissed Braun and HomeyTel, Inc. from the suits, but Moser obtained a judgment against Debt Care USA, Hungerford, and Conley for $5,000 plus court costs. Moser falsely claimed at a prove-up hearing that the telephone number dialed was his residence number when in fact it was his business number.

Since 2008, Moser has filed numerous TCPA claims in which he pleaded the telephone number called was his residential telephone number so as to obtain small claims jurisdiction. He also falsely asserted a private right of action under the TCPA to inflate demands in extortionate letters and lawsuits. From May 2008 to August 2012, Moser operated an active business listing with the BBB using a telephone number ending in 4190, but after August 2012, Moser deliberately changed the BBB listing to a different phone number to cover up his fraud.

At some point, Moser wrote a letter to Debt Care USA, Hungerford, and Conley notifying them about the judgments and telling them, "In the future you may not want to take the jail house legal advice of a convicted felon like Mr. Braun. Especially after he was stupid enough to call the same personal number he called on your behalf last year, as he did four years ago which was the subject of the previous judgment!" Braun lost Debt Care USA as a client.

Braun sued Moser, and in April 2013 filed an amended complaint asserting causes of action for "loss of business and reputation due to fraud and libel" (first cause of action), abuse of process (second cause of action), "implied and equitable indemnity" (third cause of action) injunctive relief (fourth cause of action), and declaratory relief (fifth cause of action). (Some capitalization omitted.) Braun generally alleged that Moser conducted a fraudulent scheme to acquire jurisdiction and judgments in California small claims courts. He alleged Moser had filed a "plethora of fraudulent TCPA claims" and got away with it because the small claims courts misapplied the TCPA. According to the complaint, "professional small claims litigants and even a few attorneys have made a

4

business out of extracting money from small business for pre-recorded B2B [business to business] calls protected under the TCPA, . . . creating a chilling effect against a small and fledgling legitimate B2B voice broadcasting industry." In his first cause of action, Braun alleged Moser "began a series of 'demand letters' which were actually extortive shakedown letters to a client of Plaintiff, by falsely representing telephone business numbers as residential numbers and a cause of private action under TCPA." He alleged Moser falsely stated under penalty of perjury that his home number was a business number. In his second cause of action for abuse of process, Braun alleged Moser made his false claim in small claims proceedings to gain judgments through fraud. In his third and fourth causes of action, Braun sought contribution and repayment of his costs, fees and expenses, and an order that Moser cease his demand letters and lawsuits. Finally Braun sought a judicial declaration that limited TCPA private causes of action in certain respects, that Moser's judgments be declared void, and that Moser be declared a vexatious litigant.

Moser specially moved to strike the amended complaint under section 425.16. He argued the complaint fell within section 425.16 because it sought to punish him for filing small claims cases against Braun in 2008 and 2012, sending demand letters prior to filing those actions, and sending a postjudgment letter to collect a judgment. Moser argued Braun could not establish a probability of prevailing on the merits because each of his acts was absolutely privileged under the Civil Code section 47, subdivision (b) litigation privilege (the litigation privilege or section 47(b) privilege). Moser finally argued any claims based on the 2008 small claims action were barred by that action's settlement as

5

well as the statute of limitations, and claims based on the 2012 lawsuit were settled by a nonparty such that they were either barred by that settlement, or Braun's failure to sue as the real party in interest.

In opposition, Braun asserted his complaint was brought against Moser for his false representation of his business number as a residential telephone number to him and his clients, causing him to lose business by abusing the court process. He characterized Moser's actions as a "criminal enterprise . . . operating and enabled in the California court system . . . ." According to Braun, the legal proceedings were incidental to the cause of action and the pleadings merely provided the evidence demonstrating Braun had a probability of prevailing on his claims.[3]

Following arguments on the matter, the trial court granted Moser's motion, ruling Braun's lawsuit fell within section 425.16, subdivision (e)(1) and (2) as based on written

---

[3]    Braun additionally unsuccessfully argued the section 425.17 commercial speech exception applied. He did not separately file an opposing affidavit or declaration, but appended a "verification" to his opposition points and authorities stating: "I, Conrad J. Braun, appear *pro per* in the above-entitled action. I have read the above and foregoing and know the contents of complaint thereof [*sic*]. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true. [¶] I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Diego, CA." Braun also attached several documents to his opposing points and authorities, including Internet printouts, court pleadings, and letters. In connection with his reply papers, Moser objected to Braun's exhibits on grounds Braun improperly sought to extend the page limits of his brief and incorporate documents into the amended complaint. He further objected on grounds all of Braun's exhibits lacked foundation and authentication, constituted inadmissible opinion and legal conclusions, and were hearsay. The trial court sustained Moser's objections to Braun's exhibits, ruling they were not authenticated, constituted hearsay and, as a consequence, Braun had not provided evidence to support his causes of action.

6

and oral statements and writings made before a judicial proceeding, as well as in connection with an issue under consideration by a judicial body. It found Moser's demand letters fell within both the protection of the anti-SLAPP law as made in anticipation of bringing an action, and within the litigation privilege. The court further ruled the litigation privilege barred the complaint, the causes of action would not survive demurrer, and Braun did not meet his burden to establish a probability of prevailing on the merits.

Braun filed this appeal.[4]

## DISCUSSION

I. *Braun's First, Second and Third Causes of Action Arise from Moser's Publications in Business Directories and Demand Letters That Are Not Protected Litigation or Litigation-Related Activity*

A. *Legal Principles and Standard of Review*

Section 425.16 provides: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

---

[4] Braun's notice of appeal states he is appealing from an order after judgment. His civil case statement, however, references and attaches the court's July 12, 2013 minute order granting Moser's anti-SLAPP motion. It is clear Braun is appealing the court's order granting the special motion to strike, which is an appealable order. (§ 425.16, subd. (i).)

7

(§ 425.16, subd. (b)(1).) The statute identifies four classes of conduct that come within its protection. (§ 425.16, subd. (e).[5]) Any cause of action "arising from" such protected conduct shall be stricken on the defendant's motion, unless the plaintiff establishes a "probability that [he] will prevail on the claim." (§ 425.16, subd. (b)(1).)

"The anti-SLAPP statute 'requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity . . . . [Citation.] If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.' [Citation.] [¶] 'The sole inquiry under the first prong of the anti-SLAPP statute is whether the plaintiff's claims arise from protected speech or petitioning activity. [Citation.] Our focus is on the principal thrust or gravamen of the causes of action, i.e., the allegedly wrongful and injury-producing conduct that provides the foundation for the claims. [Citations.] We review the parties' pleadings, declarations, and other supporting documents at this stage of the analysis only "to determine what conduct is actually being challenged, not to determine whether the conduct is actionable." ' " (*Talega Maintenance Corporation v. Standard Pacific*

---

5       As used in the anti-SLAPP statute, " 'act in furtherance of a person's right of petition or free speech . . . in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or on an issue of public interest." (§ 425.16, subd. (e).)

8

*Corporation* (2014) 225 Cal.App.4th 722, 727-728; see also *Castleman v. Sagaser* (2013) 216 Cal.App.4th 481, 490-491.)

Mere reference to protected activity does not suffice to meet the first prong. " '[W]hen the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute.' " (*Robles v. Chalilpoyil* (2010) 181 Cal.App.4th 566, 575.) And, " 'California courts rightly have rejected the notion "that a lawsuit is adequately shown to be one 'arising from' an act in furtherance of the rights of petition or free speech as long as suit was brought after the defendant engaged in such an act, whether or not the purported basis for the suit is that act itself." ' [Citations.] 'Moreover, that a cause of action arguably may have been "triggered" by protected activity does not entail that it is one arising from such.' " (*Id.* at p. 574; quoting *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 77 & *Navellier v. Sletten*, *supra*, 29 Cal.4th at p. 89.)

If the defendant fails to show the lawsuit arises from protected activity, we may affirm the trial court's ruling without addressing the probability of prevailing prong. (*Gotterba v. Travolta* (2014) 228 Cal.App.4th 35, 41; *Talega Maintenance Corporation v. Standard Pacific Corporation*, *supra*, 225 Cal.App.4th at p. 728.) " 'Whether section 425.16 applies, and whether the plaintiff has shown a probability of prevailing, are both questions we review independently on appeal.' " (*Cheong Yu Yee v. Cheung* (2013) 220 Cal.App.4th 184, 198.)

9

B. *Braun's Complaint (First, Second and Third Causes of Action) Does Not "Arise From" Protected Pre-Litigation and Litigation Activity*

We turn to the inquiry for the first prong of the anti-SLAPP statute: whether the principal thrust or gravamen of Braun's causes of action is protected speech or petitioning activity. (See *Episcopal Church Cases* (2009) 45 Cal.4th 467, 477-478; *Hylton v. Frank E. Rogozienski, Inc.*, *supra*, 177 Cal.App.4th at p. 1272.) "If the core injury-producing conduct upon which the plaintiff's claim is premised does not rest on protected speech or petitioning activity, collateral or incidental allusions to protected activity will not trigger application of the anti-SLAPP statute." (*Hylton*, at p. 1272.) In *Wallace v. McCubbin* (2011) 196 Cal.App.4th 1169, the appellate court explained that the gravamen for anti-SLAPP purposes "is defined by the *acts on which liability is based*, not some philosophical thrust or legal essence of the cause of action." (*Id.* at p. 1190.)

In his anti-SLAPP motion, with the exception of calling out Braun's claims for declaratory and injunctive relief, Moser treated Braun's complaint as a whole. He argued the "essence" of the complaint was that Braun was a "sore loser"; that he was "angry" he had been sent demand letters and sued in small claims court. On appeal, Moser focuses on Braun's allegations as to the filing of the 2008 and 2012 small claims lawsuits and Moser's sending "fraudulent" demand letters. But Moser's arguments are not directed at the proper inquiry. Our role is not to simply identify the presence of litigation or statements made in the course of litigation (*Robles v. Chalilpoyil*, *supra*, 181 Cal.App.4th at p. 575); we are required to scrutinize the complaint to identify the specific underlying wrongful acts alleged by Braun. (See *Coretronic Corp. v. Cozen O'Connor* (2011) 192

10

Cal.App.4th 1381, 1389 ["[d]etermining the gravamen of the claims requires examination of the specific acts of alleged wrongdoing and not just the form of the plaintiff's causes of action"; the court reviews the record "to determine what conduct is actually being challenged"]; *City of Cotati v. Cashman*, *supra*, 29 Cal.4th at p. 78 [for cause of action to arise from protected activity, "the defendant's *act underlying the plaintiff's cause of action* must *itself* have been an act in furtherance of the right of petition or free speech"], first italics added.)  As summarized above, the anti-SLAPP statute, " 'does not accord anti-SLAPP protection to suits arising from any act having any connection, however remote, with an official proceeding.' "  (*Robles*, at p. 575.)

Here, close examination reveals that the principal thrust of Braun's complaint is that Moser engaged in a deceptive scheme by publishing his residential telephone number with the BBB and other business directories so as to induce innocent business to initiate pre-recorded business messages to that number, which formed the basis for extortive demands for compensation and small claims lawsuits, after which Moser changed the number so as to conceal his fraud.  We agree with Braun that Moser's false publication of his number, his demands, and the concealing of his scheme is the wrongful conduct underlying Braun's complaint, and that those particular actions were either done outside of any legal process, did not amount to a written or oral statement (as to the changing of the phone number), or constituted extortion that is not protected under the anti-SLAPP statute as a matter of law.  The conduct does not fall into any of the four categories of section 425.16, subdivision (e).  In our view, Braun's reference to the small claims lawsuits and other litigation activity is collateral and incidental to his claims.  " '[T]he

11

fact that protected activity may have triggered a cause of action does not necessarily mean the cause of action arose from the protected activity.' " (*Talega Maintenance Corporation v. Standard Pacific Corporation*, *supra*, 225 Cal.App.4th at p. 729, quoting *Donovan v. Dan Murphy Foundation* (2012) 204 Cal.App.4th 1500, 1507.) The fact that Moser eventually used the court process to capitalize on his fraudulent scheme does not bring Moser's unprotected wrongdoing within the anti-SLAPP statute, and we decline to so hold.

Moser asserts on appeal that Braun's claim relating to Moser's deceptive BBB publication is a "new theory" that appears nowhere in Braun's complaint. The assertion is meritless. Braun's complaint expressly alleged that Moser was engaging in a fraudulent scheme by which he represented his residential number to be a business number, which "was published with the Better Business Bureau and on [Moser's] website." Braun alleged that "Moser was at all times operating an active ongoing business listed with the Better Business Bureau from telephone number 858-627-4190 from May 21, 2008 through August 1, 2012" and that "after August 1, 2012, [Moser] deliberately changed his Better Business Bureau listing to 858-414-6170 to cover-up and to perpetuate his fraudulent gain of jurisdiction and judgments in California small claims courts." He alleged Moser's July 2012 demand letters were actually "extortive and libelous shake down letter[s]" to Braun's clients that "falsely represent[ed] telephone business numbers as residential numbers" so as to make out a private action under TCPA. He alleged Moser successfully extorted $1,500 from one client, and another client ceased doing business with HomeyTel, Inc. as a "direct result" of Moser's July 2012 letter.

12

The fact that Braun's claims are based in part on Moser's sending of demand letters does not by definition render the underlying conduct subject to the anti-SLAPP statute. Braun alleges the letters were extortive in that Moser demanded $4,500 for alleged TCPA violations that were not actionable, and we are to accept his allegations as true for purposes of the anti-SLAPP motion. (*Hylton v. Frank E. Rogozienski, Inc.*, *supra*, 177 Cal.App.4th at p. 1267, fn. 2.) Where letters constitute extortion as a matter of law, they fall outside of the anti-SLAPP law. (E.g., *Flatley v. Mauro* (2006) 39 Cal.4th 299, 329-330 [demand letter was extortion as a matter of law because it threatened to accuse the plaintiff of or impute to him " 'crime[s]' and 'disgrace' " unless he settled by paying a sum of money]; *Stenehjem v. Sareen* (2014) 226 Cal.App.4th 1405, 1419-1420 & fn. 12 [e-mail constituted extortion as a matter of law because it "threatened to expose Sareen to federal authorities for alleged violations of the False Claims Act unless he negotiated a settlement of Stenehjem's private claims" and the alleged criminal activity that Stenehjem threatened to expose was " 'entirely unrelated to any alleged injury suffered by' Stenehjem as alleged in his defamation and wrongful termination claims"]; *Mendoza v. Hamzeh* (2013) 215 Cal.App.4th 799, 806 ["Hamzeh threatened to report Mendoza 'to the California Attorney General, the Los Angeles District Attorney, the Internal Revenue Service regarding tax fraud, [and] the Better Business Bureau,' and to disclose the alleged wrongdoing to Mendoza's customers and vendors if Mendoza did not pay 'damages exceeding $75,000' "; this constituted criminal extortion as a matter of law because it was a threat to report criminal conduct to enforcement agencies and plaintiff's customers, coupled with a demand for money].)

13

In sum, Moser's motion to strike under the anti-SLAPP statute should have been denied as to the first, second and third causes of action. We do not suggest these causes of action are meritorious, we decide only that they are not subject to summary dismissal by special motion to strike.

II. *Braun's Claims for Declaratory and Injunctive Relief are Subject to the Anti-SLAPP Statute and Braun Did Not Establish a Probability of Prevailing on the Merits of Those Claims*

In his causes of action for declaratory and injunctive relief, Braun sought injunctive relief to order Moser to "cease and desist all . . . suits for pre-recorded messages to business numbers"; and judicial declarations that would limit all TCPA private causes of action to particular subsections of the TCPA, declare void "all of . . . Moser's judgments in California courts gained by obtaining fraudulent TCPA jurisdiction by claiming [his] telephone number . . . as a residential telephone [number]," and declare Moser a vexatious litigant. Because these claims either relate to Moser's litigation activities, or seek to prevent Moser from engaging in litigation, they arise from protected conduct within the meaning of the anti-SLAPP statute.[6] (See *Equilon Enterprises v.*

_____

[6] This court and others have held that injunctive and declaratory relief are equitable remedies, not causes of action. (*Faunce v. Cate* (2013) 222 Cal.App.4th 166, 173; see also *Wong v. Tai Jing* (2010) 189 Cal.App.4th 1354, 1360, fn. 2.) The court in *Wong* held the anti-SLAPP statute applies only to " 'causes of action' " (*Wong v. Tai Jing*, at p. 1360, fn. 2, quoting § 425.16, subd. (b)(1)), and thus would not apply to a claim for injunctive relief. (*Ibid.*) But the anti-SLAPP law uses the phrase "cause of action" interchangeably with the terms "complaint," "claim," and "action" (see *Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 646), and the California Supreme Court has analyzed whether an action for declaratory relief combined with injunctive relief, as is

14

*Consumer Cause, Inc.*, *supra*, 29 Cal.4th at pp. 57, 67-68 [declaratory relief action seeking a declaration that notice of intent to sue failed to comply with regulations, and request for injunction to bar defendant from filing an enforcement action was based on defendant's activity in furtherance of its petition rights].)

Braun cannot establish a probability of prevailing on the merits of those claims. "In assessing the probability of prevailing, a court looks to the evidence that would be presented at trial, similar to reviewing a motion for summary judgment; a plaintiff cannot simply rely on its pleadings, even if verified, but must adduce competent, admissible evidence." (*Roberts v. Los Angeles County Bar Assn.* (2003) 105 Cal.App.4th 604, 613-614.) Nor can a plaintiff rely on averments made on information and belief. (*Wong v. Tai Jing*, *supra*, 189 Cal.App.4th at p. 1368 ["The plaintiff may not rely on . . . assertions in a declaration based on information and belief"]; *Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1497-1498 [an averment on information and belief is insufficient to show a probability of prevailing].) The trial court excluded Braun's evidence submitted in opposition to Moser's motion. Braun challenges that ruling, arguing that the court erred by failing to accept exhibits in his verified pleadings as evidence, or alternatively,

---

Braun's action, falls within the anti-SLAPP statute. (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67; see also *South Sutter, LLC v. LJ Sutter Partners, L.P.* (2011) 193 Cal.App.4th 634, 670 [anti-SLAPP motion may lie against a complaint for declaratory relief]; *Mission Springs Water Dist. v. Verjil* (2013) 218 Cal.App.4th 892, 909.) It is appropriate to assess Braun's claims for declaratory and injunctive relief to decide whether they are based on activity protected by the anti-SLAPP statute.

to direct him to authenticate the exhibits so they could be accepted as evidence.[7]  But Braun has not demonstrated the court abused its discretion.  Other than general principles relating to the standard of review, Braun cites no authority for his arguments.  Given the dearth of authority in his brief, Braun has forfeited his evidentiary arguments (see *Schmidt v. Bank of America, N.A.* (2014) 223 Cal.App.4th 1489, 1509), and we conclude that under the circumstances, the trial court manifestly did not abuse its discretion in excluding on hearsay and authentication grounds the documents attached to Braun's opposing points and authorities.[8]

III.  *Braun's Claim Pertaining to Rehearing of Request for Injunctive Relief*

In May 2013, Braun filed an ex parte application for temporary injunctive and declaratory relief.  On May 2, 2013, the trial court denied the application.  Braun thereafter filed an amended motion for leave to hear his motion for temporary injunction concurrently with Moser's anti-SLAPP motion.

---

[7]     In connection with this claim of evidentiary error, Braun refers to exhibits attached to his opening brief.  We previously directed the court clerk to remove and return the documents to Braun.

[8]     We observe that Braun attached documents to his opposition papers without a sworn declaration identifying or authenticating the documents.  Braun's verification appended to his opposing points and authorities, which was based on information and belief and merely attested that the "foregoing is true and correct" (see fn. 3, *ante*), does not constitute the requisite authentication.  Additionally, to the extent the documents were court records, Braun did not ask the court to judicially notice them.  (Evid. Code, § 452, subd. (d).)  He did not attempt to establish any foundational requirements for a hearsay exception.  (See generally, Evid. Code, §§ 1220, 1221.)

16

In its order granting Moser's special motion to strike, the trial court ruled: "The Court notes that [Braun] also filed an 'Amended Motion for Leave to Hear Motion for Temporary Injunction.' It is improper to file a motion without reserving a hearing date. The Court has already denied plaintiff's motion for temporary injunction. There are no grounds to support re-hearing [Braun's] motion."

Braun contends the court erred in its order. He does not, however, address whether he met the fundamental requirement that a reconsideration motion be based on "new or different facts, circumstances, or law." (§ 1008, subd. (a); see also *California Correctional Peace Officers Ass'n v. Virga* (2010) 181 Cal.App.4th 30, 43 [like motion for reconsideration, renewed motion must be based on new or different facts, circumstances, or law, and must be accompanied by a supporting affidavit].) Braun's motion was based not on something new, but on the same claims made in his pleadings and anti-SLAPP opposition papers: that he suffered irreparable injury from Moser, who "continues to fraudulently represent his business number as a residential number and represent that a cause for private action exists outside of TCPA section (b) and (c) to Plaintiff and to Plaintiff's clients." (See *Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 690 [facts of which the party seeking reconsideration was aware at the time of the original ruling are not "new or different"].) Moreover, to the extent Braun made any different claims, he did not explain why he could not have presented them in the first instance. (See *Jade K. v. Viguri* (1989) 210 Cal.App.3d 1459, 1467 [party seeking reconsideration must provide not only new evidence but also a satisfactory explanation

17

for the failure to produce that evidence at an earlier time], disagreed with on other grounds in *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1608, fn. 5.)

We review the trial court's ruling denying reconsideration under the deferential abuse of discretion standard.  (*California Correctional Peace Officers Ass'n v. Virga*, *supra*, 181 Cal.App.4th at p. 42; see *Hale v. Sharp Healthcare* (2010) 183 Cal.App.4th 1373, 1388.)  Given Braun's failure to make the statutory showing needed for reconsideration, we conclude the trial court did not abuse its discretion in denying his motion.

## IV.  *Request for Sanctions*

Though we have concluded the trial court erred by granting Moser's special motion to strike certain causes of action in Braun's complaint, we reject Braun's claim that Moser's underlying pleadings are sanctionable under section 128.7 as having no evidentiary support, unwarranted by existing law, or generally frivolous.

## V.  *Braun's Other Requests Including for Declaratory Relief*

Braun asks this court to "clari[fy] TCPA for the lower courts and future TCPA litigants," issue a judicial declaration that Moser is a vexatious litigant whose small claims TCPA judgments are null and void, and refer the matter for criminal investigation. Though Braun asserts that this court is "empowered to grant declaratory relief," he provides no reasoned legal analysis or authority to support this proposition, nor does he establish any legal basis or reasoning for his other requests.  " 'When a point is asserted without argument and authority for the proposition, "it is deemed to be without foundation and requires no discussion by the reviewing court." ' "  (*Lafferty v. Wells*

18

*Fargo Bank* (2013) 213 Cal.App.4th 545, 571-572; see also *Schmidt v. Bank of America, N.A.*, *supra*, 223 Cal.App.4th at p. 1509; *H.N. & Frances C. Berger Foundation v. City of Escondido* (2005) 127 Cal.App.4th 1, 15.)  We are not bound to develop Braun's arguments for him.  (*Schmidt*, at p. 1509.)  Braun's requests are forfeited.  (*Lafferty*, at p. 572.)

## DISPOSITION

The order granting Kenneth J. Moser's anti-SLAPP special motion to strike is affirmed as to the striking of Conrad J. Braun's causes of action for declaratory and injunctive relief as well as the denial of Braun's request for reconsideration, and reversed as to Braun's first, second and third causes of action.  On remand, the superior court shall enter a new order consistent with this disposition.  Braun is to recover his costs on appeal.


O'ROURKE, J.

WE CONCUR:

McDONALD, Acting P. J.

AARON, J.