Filed 2/8/21  Sunwest Masonry & Concrete v. Zamora CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| SUNWEST MASONRY & CONCRETE, INC., | G058685 |
| Plaintiff and Appellant, | (Super. Ct. No. 30-2019-01077457) |
| v. | O P I N I O N |
| JOSE ZAMORA et al., | |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Affirmed.

Law Offices of Mark B. Plummer and Mark B. Plummer for Plaintiff and Appellant.

Cedar Adams and Adam K. Obeid for Defendants and Respondents Jihad M. Smaili and Smaili & Associates.

No appearance by Defendants and Respondents Jose Zamora and Adam K. Obeid.

*    *    *

After suffering injuries on the job, followed by a stroke two months later, construction worker Jose Zamora filed a workers compensation claim against his former employer, Sunwest Masonry & Concrete, Inc. (Sunwest).  Zamora then sued Sunwest for wrongful termination, and Sunwest and a third party for negligence.  Zamora eventually settled his workers compensation claim and the wrongful termination action; he then voluntarily dismissed Sunwest from the negligence action with prejudice.

Sunwest then sued Zamora and his attorneys for malicious prosecution based on the filing of the negligence action, which Sunwest asserted was filed solely to force a settlement in the wrongful termination case.  Zamora's attorneys filed a special motion to strike under the anti-SLAPP (strategic lawsuit against public participation) statute.  (See Code Civ. Proc., § 425.16 (§ 425.16).)  The trial court granted their motion and entered a judgment against Sunwest.

We affirm.  As explained below, the filing of the negligence action qualifies as protected activity under the anti-SLAPP statute, and the criminal extortion exception to the definition of protected activity does not apply to these facts.  Further, Sunwest cannot demonstrate a probability of prevailing on its malicious prosecution claim because it has not established the negligence action was terminated on the merits in its favor.

**FACTS**

The following facts are taken from the complaint, declarations, and other evidence submitted on the special motion to strike.

Zamora began working on occasion for Sunwest in 2014.  In August 2015, he was working on a scaffold at a residential jobsite when some roofing material fell and

2

struck him on the head, knocking him unconscious, and causing a head injury. About a week later, Zamora failed to show up for a job, and Sunwest stopped calling him in to work.

Two months later, Zamora suffered a stroke. Zamora initiated a workers compensation claim, asserting the stroke was caused by his head injury; he hired a workers compensation attorney to pursue the action before the Workers Compensation Appeals Board.

Zamora's workers compensation attorney was initially informed that Sunwest denied Zamora was an employee subject to coverage under California's workers compensation laws. Sunwest's workers compensation carrier later accepted liability for Zamora's head injury, although it denied liability for any stroke-related injuries, asserting they were not employment-related.

Around that same time, Zamora hired attorney Jihad M. Smaili[1] of Smaili & Associates (the Smaili firm) to pursue a wrongful termination claim against Sunwest and a negligence claim against the third-party roofing company whose roofing material fell on his head. The Smaili firm sent a demand letter to Sunwest concerning Zamora's employment claims. In response, Sunwest's counsel asked if Zamora planned to sue the "at-fault roofing contractor."

Zamora, through the Smaili firm, then filed two lawsuits: one against Sunwest for wrongful termination, and another against Sunwest and the roofing contractor for negligence. The inclusion of Sunwest as a defendant in the negligence action is the crux of Sunwest's current lawsuit for malicious prosecution.

Sunwest contends Zamora's negligence claim against Sunwest was "completely frivolous" because a workers compensation claim is an employee's exclusive remedy against his employer for negligence. According to Sunwest's counsel,

---

[1] Smaili was erroneously sued as Jahid M. Smaili.

3

Zamora's counsel repeatedly admitted during meet and confer discussions that Zamora's negligence claim was "improper," and further asserted Zamora would not dismiss Sunwest from the negligence lawsuit unless and until Sunwest settled the wrongful termination lawsuit.

Zamora's counsel denies making those statements. Instead, they claim Sunwest was included as a defendant in the negligence action because Sunwest had denied Zamora was its employee, Sunwest and its workers compensation carrier were denying liability on Zamora's workers compensation claim, and the statute of limitations on Zamora's injury was running.

Sunwest filed a demurrer in the negligence action, asserting workers compensation was Zamora's exclusive remedy for his employer's alleged negligence. The trial court overruled the demurrer.

Zamora eventually settled his workers compensation claim by way of a compromise and release. Two months later, Zamora accepted Sunwest's offer under Code of Civil Procedure section 998 to allow judgment to be taken against Sunwest in the wrongful termination case in exchange for $12,001. As a result, Zamora's only remaining claim against Sunwest was the negligence action.

Zamora offered to dismiss Sunwest from the negligence case in exchange for a waiver of costs. Sunwest declined the offer, however, and instead filed a motion for judgment on the pleadings based on the exclusive remedy doctrine (the same argument Sunwest had made in its overruled demurrer). In June 2018, on the day Sunwest's motion was to be heard, after the trial court issued a tentative ruling on the motion, but before the hearing, Zamora dismissed Sunwest from the negligence action with prejudice. As a result, the trial court never issued a formal ruling on Sunwest's motion.

4

In June 2019, Sunwest filed the instant action for malicious prosecution against Zamora, Smaili, and the Smaili firm[2] (collectively, Defendants), alleging the only reason Sunwest was included as a defendant in the negligence lawsuit was to "vex, annoy and harm" Sunwest and force a settlement in the wrongful termination case. Smaili and the Smaili firm filed an anti-SLAPP motion, asserting their filing of the negligence lawsuit was protected conduct and Sunwest could not prevail on its malicious prosecution claim.

The trial court granted the anti-SLAPP motion and entered a judgment in favor of Defendants.[3] Sunwest filed a notice of appeal from the judgment.

## DISCUSSION

1. *The Anti-SLAPP Statute*

The Legislature enacted the anti-SLAPP statute to address "what are commonly known as SLAPP suits (strategic lawsuits against public participation)— litigation of a harassing nature, brought to challenge the exercise of protected free speech rights." (*Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 665, fn. 3.) The statute authorizes a special motion to strike meritless claims early in the litigation if the claims "aris[e] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) The statute is "'intended to resolve quickly and relatively inexpensively meritless lawsuits that threaten free speech

---

[2] Adam Obeid was thereafter added as a Doe defendant.

[3] Defendants Zamora and Obeid had not yet appeared in the action as of the hearing on the motion. However, Sunwest, Smaili, and the Smaili firm stipulated that the court's order granting the motion to strike would apply to all defendants, including Zamora and Obeid.

5

on matters of public interest.'" (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 619.)

When evaluating a special motion to strike, the trial court must engage in a two-step process. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. . . . [Citation.] If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.) We review a trial court's order denying an anti-SLAPP motion de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325 (*Flatley*).)

2.     *Step One:  Protected Activity*

Step one of the anti-SLAPP analysis requires us to decide whether Sunwest's malicious prosecution claim arose from an act in furtherance of Defendants' right of petition or free speech. (§ 425.16, subd. (b)(1).) The right of petition undoubtedly includes the filing of lawsuits. (*Id.*, subd. (e)(1)-(2) [defining protected activity to include writings made in a judicial proceeding and statements made in connection with issues under review by a judicial body].) For this reason, "every Court of Appeal that has addressed the question has concluded that malicious prosecution causes of action fall within the purview of the anti-SLAPP statute." (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 735.)

Sunwest insists the filing of the negligence action is not protected activity under the anti-SLAPP statute because Defendants' conduct amounted to extortion, which does not qualify as protected activity under the anti-SLAPP statute. (See *Flatley, supra*, 39 Cal.4th at p. 333.) According to Sunwest, "[t]he only possible motivation [for naming

6

Sunwest as a defendant in the negligence action] was to gain leverage for the purpose of increasing the value of his 'Wrongful Termination' case," and "this was no different than a robber ordering his victim to hand over money." We cannot agree.

Sunwest is correct that "section 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law and, for that reason, not protected by constitutional guarantees of free speech and petition." (*Flatley, supra*, 39 Cal.4th at p. 317.)[4] But this narrow exception excluding illegal conduct from the definition of protected activity only applies if "the defendant concedes the illegality of its conduct or the illegality is conclusively shown by the evidence." (*Id.* at p. 316.) In other words, "[t]he defendant must concede the point, or the evidence conclusively demonstrate it, for a claim of illegality to defeat an anti-SLAPP motion at the first step." (*City of Montebello v. Vasquez* (2016) 1 Cal.5th 409, 424.) If the defendant does not concede the illegality of his or her conduct, the plaintiff must produce "uncontroverted evidence that [the defendant's] activities . . . were unlawful as a matter of law" to prevail in step one of the analysis; merely alleging illegal conduct is "insufficient." (*Dwight R. v. Christy B*. (2013) 212 Cal.App.4th 697, 712.)

Defendants do not concede the illegality of their conduct. The applicability of the *Flatley* exception thus hinges on whether the uncontroverted evidence conclusively shows Defendants committed extortion as a matter of law.

---

[4] See, e.g., *Stenehjem v. Sareen* (2014) 226 Cal.App.4th 1405, 1420, 1423 [threats to expose former employer to federal authorities for alleged violations of the False Claims Act unless employer negotiated a settlement of employee's defamation and wrongful termination claims]; *Mendoza v. Hamzeh* (2013) 215 Cal.App.4th 799, 806 [employer's threat to report former employee to enforcement agencies and otherwise expose alleged crimes unless employee paid "'damages exceeding $75,000'"]; *Novartis Vaccines & Diagnostics, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc*. (2006) 143 Cal.App.4th 1284, 1296-1297 [statements in furtherance of conspiracy to commit acts of vandalism and harassment, including criminal acts].

We conclude it does not. The Penal Code defines extortion to include "the obtaining of property or other consideration from another, with his or her consent, . . . induced by a wrongful use of force or fear." (Pen. Code, § 518, subd. (a).) Fear, for purposes of extortion, "may be induced by a threat of any of the following: [¶] (1) To do an unlawful injury to the person or property of the individual threatened or of a third person. [¶] (2) To accuse the individual threatened, or a relative of his or her, or a member of his or her family, of a crime. [¶] (3) To expose, or to impute to him, her, or them a deformity, disgrace, or crime. [¶] (4) To expose a secret affecting him, her, or them. [¶] (5) To report his, her, or their immigration status or suspected immigration status." (*Id.*, § 519.) "Only threats that fall within one of these [five] categories of section 519 [constitute] extortion." (*People v. Umana* (2006) 138 Cal.App.4th 625, 639; see *Malin v. Singer* (2013) 217 Cal.App.4th 1283, 1299 [demand letter did not fall within *Flatley* exception where it did not fall within any of the § 519 categories].)

Here, the evidence does not conclusively establish Defendants threatened Sunwest using any of the methods enumerated in Penal Code section 519, so the *Flatley* exception does not apply. Defendants thus met their burden under step one of the anti-SLAPP analysis.

3.    *Step Two:  Probability of Prevailing*

We therefore turn to step two of the anti-SLAPP analysis, in which Sunwest must demonstrate a probability of prevailing on the challenged claim. "'[T]he plaintiff's burden of establishing a probability of prevailing is not high:  We do not weigh credibility, nor do we evaluate the weight of the evidence. Instead, we accept as true all evidence favorable to the plaintiff and assess the defendant's evidence only to determine if it defeats the plaintiff's submission as a matter of law. [Citation.] Only a cause of action that lacks "even minimal merit" constitutes a SLAPP. [Citation.]' [Citation.] 'Put another way, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable

8

judgment if the evidence submitted by the plaintiff is credited.""'" (*Greene v. Bank of America* (2013) 216 Cal.App.4th 454, 458, fn. omitted.)

The sole cause of action at issue in this appeal is Sunwest's malicious prosecution claim. "To prevail on a malicious prosecution claim, the plaintiff must show that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was initiated with malice." (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 292.)

Our Supreme Court has explained the favorable termination element: "'[i]t is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor.'" (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341 (*Casa Herrera*).) "'The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused'" in the underlying action. (*Ibid*.)

"To determine 'whether there was a favorable termination,' we 'look at the judgment as a whole in the prior action . . . .' [Citation.] 'It is not essential to maintenance of an action for malicious prosecution that the prior proceeding was favorably terminated following trial on the merits.' [Citation.] Rather, '[i]n order for the termination of a lawsuit to be considered favorable to the malicious prosecution plaintiff, the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit.'" (*Casa Herrera, supra,* 32 Cal.4th at pp. 341-342.)

"'If the termination does not relate to the merits—reflecting on neither innocence of nor responsibility for the alleged misconduct—the termination is not favorable in the sense it would support a subsequent action for malicious prosecution.' [Citation.] Thus, a 'technical or procedural [termination] as distinguished from a substantive termination' is not favorable for purposes of a malicious prosecution claim." (*Casa Herrera, supra,* 32 Cal.4th at p. 342.)

9

To illustrate, "a termination is favorable for malicious prosecution purposes where the court in the underlying action: (1) granted summary judgment and issued sanctions because the claim was meritless [citation]; (2) granted summary judgment because there was insufficient evidence to establish a triable issue of fact [citation]; or (3) held that the defendant, as a matter of law, violated no duty to the plaintiff [citation]." (*Casa Herrera, supra,* 32 Cal.4th at p. 342.) Similarly, a voluntary dismissal is "presumed to be a favorable termination on the merits unless proved otherwise to a jury because the natural assumption is that one does not simply abandon a meritorious action." (*Olivares v. Pineda* (2019) 40 Cal.App.5th 343, 354 (*Olivares*).)

On the other hand, "dismissals (1) on statute of limitations grounds [citations]; (2) pursuant to a settlement [citation]; or (3) on the grounds of laches [citation]" are technical or procedural in nature and do not relate to the merits. (*Casa Herrera, supra,* 32 Cal.4th at p. 342.) Other examples of technical or procedural terminations that would not support a malicious prosecution claim include dismissals "(1) for lack of jurisdiction [citation]; (2) for being moot [citation]; (3) for lack of standing [citation]; (4) for being premature [citation]; and (5) for avoiding litigation expenses [citation]." (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1525.)

"When termination is other than by a judgment on the merits, the court examines the record to see if the disposition reflects the opinion of the court or the prosecuting party that the action would not succeed, and if there is a dispute as to the circumstances of the termination, the determination of the reasons underlying the dismissal is a question of fact." (*Olivares, supra*, 40 Cal.App.5th at p. 354.)

Applying those principles here, we conclude Sunwest has not established it obtained a favorable termination in the negligence action. The record does not include any indication that the trial court believed Zamora's negligence claim against Sunwest would fail. To the contrary, the court overruled Sunwest's demurrer; and what we know

10

about its tentative ruling suggests it intended to deny Sunwest's motion for judgment on the pleadings.

Further, there is nothing in the record showing Zamora's decision to dismiss Sunwest from the negligence action with prejudice midway through the litigation had anything to do with the merits of his claim. According to Smaili, Zamora had no further need to maintain the negligence action against Sunwest after he successfully settled his workers compensation claim.

On this record, the dismissal with prejudice strikes us as a procedural termination made for tactical reasons, not a termination on the merits that reflects Sunwest's lack of culpability. Because Sunwest failed to show the underlying negligence action was terminated in its favor, it failed to demonstrate a probability of prevailing on its malicious prosecution claim. The trial court therefore properly granted the anti-SLAPP motion. (See *Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1056-1058 [affirming grant of anti-SLAPP motion where plaintiff failed to prove the voluntary dismissal of the underlying action was a favorable termination on the merits].)[5]

---

[5] We also doubt that Sunwest established the other two elements of its malicious prosecution claim—i.e., that the action was brought without probable cause and initiated with malice. Considering Sunwest initially denied Zamora was an employee subject to coverage under California's workers compensation laws and the workers compensation claim was not yet resolved, it perhaps made tactical sense for Zamora, in an abundance of caution, to name Sunwest as a defendant in his negligence action. And, since the exclusive remedy doctrine is not jurisdictional and can be waived (*Ventura v. ABM Industries Inc.* (2012) 212 Cal.App.4th 258, 265), Zamora may have wanted to see whether Sunwest would plead and prove that the doctrine applied in the negligence case. However, because Sunwest did not establish the favorable termination element, we need not resolve those other elements.

## DISPOSITION

The judgment entered based on the trial court's order granting the anti-SLAPP motion is affirmed. Respondents shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


GOETHALS, J.

WE CONCUR:


IKOLA, ACTING P. J.


THOMPSON, J.