[Civ. No. 9849.   Third Dist.   Oct. 25, 1960.]

LEW M. WARDEN, JR., Appellant, v. EDMUND G. BROWN
et al., Respondents.

Lew M. Warden, Jr., in pro. per., for Appellant.

Stanley Mosk, Attorney General, Charles A. Barrett, Assistant Attorney General, and Lloyd Hinkelman, Deputy Attorney General, for Respondents.

VAN DYKE, P. J.—This is an appeal from a judgment following an order sustaining a demurrer without leave to amend a pleading entitled ''Statements of Contests of Election.'' For ground of contest appellant alleged that following the general election of 1958 certain elected candidates had failed

to file campaign statements as required by law. Appellant alleged that although campaign statements were filed by the several defendants, respondents here, certain information required to be given therein was omitted, and he prayed that the court order that amended statements complying with the law be filed and prayed that if any failed to comply with such order the court declare their elections annulled, the certificates of election theretofore issued rescinded, and that the court give such other appropriate relief as might appear to be just and proper.

Six respondents presently hold the state offices of Governor, Lieutenant Governor, Secretary of State, Attorney General, Controller and Treasurer. The seventh holds the office of United States Senator from California.

One of the sustained grounds of demurrer was that the pleading filed by the appellant did not state a cause of action against any defendant. Appellant alleged that, although each of the respondents filed a campaign statement, the statements filed did not substantially comply with the requirements of section 4504 of the Elections Code in that, although the statements set forth the names of persons who contributed to the various respondents' campaigns, the amount of each contribution was not stated. Although there were other grounds of demurrer, the substantiality of which is argued on appeal, we think it unnecessary to do more than to discuss the sufficiency of appellant's pleading to state a cause for contest.

Preliminarily, it should be noted that the legislation with which we are here concerned which appears in division 7 of the Elections Code under the heading "Election Campaigns" has appeared in the statute laws of England for 200 years. century. In addition to the long history of this legislation in our state, kindred legislation has been the subject of concern and statutory enactment in all of the states of the Union, and has been in one form or another upon our statute books for a Such legislation, commonly called "purity of election laws," has often been the subject of legislative study through various committees of the legislatures of the several states and of the Congress, and has likewise been the subject of writers, economists and others interested in the development and protection of free elections in representative governments. It can safely be said that the requirements of such laws have been the subject of so much discussion that no important requirement can have escaped attention. The history of our own statutes upon this subject reflects the general experience and the con-

stant concern of our Legislature. Our statutes have been frequently amended. The legislative action that is most recent took place in 1955. In our view, it must be said now that the emerging statutory law is highly selective and ought to be read literally, that whatever appears to have been omitted should be considered as having been intentionally omitted and that no specific requirement ought now to be read into the law by construction.

The basic purpose of all such laws is to protect the exercise of the elective franchise against practices that tend to prevent the free and intelligent use thereof. It has long been recognized that the expenses of conducting a campaign for public office are often far beyond the financial capacity of the candidate and that the necessary funds must be obtained through contributions from others, with the ever-present danger that those who have thus aided the successful candidate may expect and demand favors in return during his occupancy of the office. One of the commonest features of all such legislation has been the listing of permissible campaign expenses and the requirement of a campaign statement. The form and content of required campaign statements have varied greatly and our own Legislature has often reconsidered the subject and amended that part of our election laws having to do with such statements. At present, and for a long time, our legislation has listed the lawful expenses that can be incurred during a campaign and has then required that the campaign statement contain information as to what expenses had in fact been met and as to the source of the funds used.

Section 4505 of the Elections Code specifies the lawful expenses for which campaign expenditures may be made. The list is extensive and detailed. It is difficult to see what expenditures a candidate would want to make that could not be brought within the broad limits of the designated lawful expenses. Section 4504 of the Elections Code defines the term "campaign statement," the definition being so far as here material:

". . . [A]n itemized statement, prepared . . . by a candidate . . . showing under each of the subdivisions of Section 4505:

"(a) In detail all moneys paid, loaned, contributed, or otherwise furnished to the candidate . . . , or for use of the candidate . . . , directly or indirectly, in aid of the candidate's . . . election.

"(b) All money contributed, loaned, or expended by the candidate . . . , directly or indirectly by the candidate . . . or

through any other person, in aid of the candidate's . . . election.

"(c) The names of all persons who paid, loaned, contributed, or otherwise furnished such moneys in aid of the candidate's . . . election.

"(d) The names of all persons to whom such moneys were contributed, loaned or paid.

"(e) The specific nature of each item.

"(f) The service performed and by whom any services were performed.

"(g) The purpose for which the money was expended, contributed or loaned."

Appellant argues that a campaign statement which does not include a statement of the amount furnished by each named contributor does not comply with section 4504 of the Elections Code. The statute does not specifically require such itemization. But appellant would have us so construe the statute as to read into it that requirement. This, for the reasons we have stated, we cannot do. We think we must assume that the Legislature has stated what was wanted and has intentionally omitted what was not stated. This disposes of the appeal and it becomes unnecessary to discuss other matters treated in the briefs.

Since the order of the superior court denying motion to strike respondents' pleadings is nonappealable, the purported appeal from said order is dismissed. The judgment appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied November 18, 1960, and appellant's petition for a hearing by the Supreme Court was denied December 21, 1960.