[No. B228606. Second Dist., Div. One. July 21, 2011.]

QUANTUM COOKING CONCEPTS, INC., et al., Plaintiffs and Respondents, v.
LV ASSOCIATES, INC., et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION[*]]**

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts I. and III.

**COUNSEL**

Law Offices of Jack L. Chegwidden and Howard J. Fox for Defendants and Appellants.

AlvaradoSmith, William M. Hensley and Claire M. Schmidt for Plaintiffs and Respondents.

**OPINION**

**CHANEY, J.**—Appellants LV Associates, Inc., Royal Range of California, Inc., and Laxminarasimhan Vasan (collectively LV Associates), appeal from a judgment awarding $1 million damages to Quantum Cooking Concepts, Inc., and Philip Gonzales (sometimes collectively Quantum), and from orders denying motions for a new trial and for judgment notwithstanding the verdict. We affirm.

## Background

Quantum's operative pleading alleged causes of action seeking damages from LV Associates based on breach of contract, fraud, and a dozen other theories of contract and tort liability. Quantum's theory of the case was that while working at Royal Range of California, Inc. (a company that he had helped to found with his ex-wife's husband), Gonzales had designed and developed a new type of barbeque grill and a commercial vertical broiler.[1] He planned to leave the company, which was then struggling for survival, in order to start his own business and to obtain certification for his products, all with the cooperation of the company's then owner, Mr. Robert Spenuzza.

When LV Associates, Inc., took over Royal Range of California, Inc., in 2003, its new owner, Mr. Vasan, acknowledged Gonzales's rights with respect to these products. Although Gonzales had planned to leave Royal Range's employ, Vasan induced Gonzales to stay on and help the ailing company recover. In exchange, LV Associates promised to help Gonzales to set up his own company, to manufacture the products, and to obtain the certifications required in order to market them for his own benefit.[2]

Gonzales did stay on with Royal Range, successfully generating substantial additional sales for the company, and earning (but not receiving) substantial commissions. In the meantime, LV Associates helped Gonzales set up and operate his own company, Quantum. Vasan became an officer and director of Quantum, LV Associates's accountant handled all Quantum's financial accounting and transactions, and LV Associates acted as Quantum's agent with respect to licensing and certification. Vasan also provided Gonzales with documents indicating the transfer of certifications for Gonzales's vertical broiler from LV Associates to Quantum, and showing Quantum's ownership of the product design.

After having performed his part of the bargain for a few years, and after leaving Royal Range, however, Gonzales was told that the products' certifications had not been transferred to Quantum, and that they belonged to Royal Range, not Gonzales. And LV Associates did not heed Gonzales's requests

---

[1] In stating the relevant facts we are largely unaided by appellants' opening brief, which identifies primarily the facts and events that support its own contentions. Consistent with the applicable burdens on appeal, we recite the evidence that is most favorable to respondent. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1233 [19 Cal.Rptr.3d 416] [appellate court draws all conflicting inferences in respondent's favor].) Because the issues on appeal do not require close identification or differentiation of the cookware products that were the hotly contested subject of the parties' disputes in the trial court, we do not identify them in detail.

[2] According to Gonzales, cookware products must obtain a certificate of compliance from an independent certifying agency in order to establish their compliance with certain industry standards and to be sold under those standards.

for return of all of Quantum's books and records. It turned out that LV Associates had obtained the certifications in its own name, and was secretly selling the products (perhaps under changed model numbers) as its own.

During the six-day trial LV Associates denied and sought to impeach most of Quantum's evidence. At the trial's conclusion, the jury returned a general verdict in Quantum's favor on the complaint, awarding Quantum $1 million in damages and rejecting LV Associates's cross complaint.[3] Judgment was entered on July 14, 2010, and notice of its entry was filed and served August 9, 2010. On August 24, 2010, LV Associates filed its notice of intention to move for a new trial, and its motion for judgment notwithstanding the verdict. After denial of the posttrial motions on October 5, 2010, LV Associates filed its timely notice of appeal from the judgment and denial of its motion for judgment notwithstanding the verdict on November 3, 2010.[4]

LV Associates makes three contentions on appeal:

(1) that the trial court erred by excluding evidence that Mr. Gonzales had suffered a felony conviction;

(2) that the trial court erred by denying LV Associates's posttrial motions for new trial and judgment notwithstanding the verdict due to their noncompliance with rule 3.1113(b) of the California Rules of Court; and

(3) that the trial court erred by precluding LV Associates from impeaching Gonzales at trial with answers he had provided during discovery on a form interrogatory.

LV Associates has failed to demonstrate that the trial court erred with respect to these issues, or that if it did err, the error resulted in prejudice requiring reversal. We therefore affirm the judgment and the rulings denying the posttrial motions.

---

[3] LV Associates's cross-complaint had sought $552,500 from Gonzales for Quantum's sale of Royal Range's products without its permission.

[4] LV Associates's notice of appeal purports to include an appeal also from the order denying the new trial motion, but that denial is not itself appealable; rather, the new trial denial is reviewable on appeal from the underlying judgment. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 18–19 [23 Cal.Rptr.3d 490, 104 P.3d 844]; Code Civ. Proc., § 904.1, subd. (a)(2).)

## Discussion

I. *LV Associates Has Failed To Demonstrate Prejudice With Respect To The Exclusion Of Evidence Of A Felony Conviction.*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *The Trial Court Did Not Abuse Its Discretion by Denying LV Associates's Posttrial Motions.*

LV Associates filed posttrial motions for new trial and judgment notwithstanding the verdict. Both motions rested primarily on a contention that the credible evidence was insufficient to support the verdict with respect to both liability and damages. Denying the motions, the trial court found that their one-page supporting memoranda lacked any discussion relating the facts of the case or to the cited law. The court identified as grounds for the denial the motions' failure to comply with rule 3.1113 of the California Rules of Court (Rule 3.1113), concluding that it would not "go through the paperwork backwards and forwards to try to figure out how the law applies to the facts." That rule requires motions to be supported by memoranda containing "a statement of facts, a concise statement of the law, evidence and arguments relied on, and a discussion of the statutes, cases, and textbooks cited in support of the position advanced," and provides that a motion's failure to provide such a memorandum can be construed "as an admission that the motion . . . is not meritorious . . . ." (Rule 3.1113(b) & (a).)

Although the posttrial motions' central contention was the insufficiency of the evidence to support the verdict, LV Associates's appeal does not raise that supposed deficiency. It argues instead that we should find that Rule 3.1113 does not apply to posttrial motions; that the trial court was wrong in ruling that its motions did not comply with Rule 3.1113; and that the court's denial of the motions without considering their merits deprived LV Associates of its right to have the trial court evaluate the sufficiency of credible evidence to support the verdict. In opposition, Quantum urges us to find that the appellate record before the court is not sufficient to support the requested review, because LV Associates designated only its own motion papers and omitted Quantum's opposition.[7]

---

\*See footnote, *ante,* page 927.

[7] The clerk's transcript in this appeal, as originally filed, contained the documents filed by LV Associates in support of only its motion for judgment notwithstanding the verdict. Apart from a short "Notice Of Intention To Move For New Trial," it did not include the documents

LV Associates urges us to set aside the trial court's denial of the posttrial motions, and to remand the motions for redetermination on their merits. We instead find that the trial court was justified in invoking Rule 3.1113 to deny the posttrial motions, and even if it were not, LV Associates has not established that it was prejudiced by the denials.

A. *The trial court was justified in invoking Rule 3.1113 to deny the posttrial motions*

The court's tentative ruling noted that the points and authorities supporting each of the posttrial motions was just one page long, and "fail[s] entirely to comply with the requirements of 3.1113(b)." At the very brief hearing on the motions, LV Associates's counsel did not respond to the court's and Quantum's counsel's concerns about the deficiencies in its motion papers, and did not argue the motions' merits. The trial court adopted the tentative ruling as its order, denying the posttrial motions for their failure to comply with Rule 3.1113.

LV Associates correctly identifies the de novo standard of review as governing whether the requirements of Rule 3.1113 can be applied to the motions for new trial and judgment notwithstanding the verdict. (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 81 [70 Cal.Rptr.3d 88] [appellate courts independently review interpretations of Cal. Rules of Court].) If Rule 3.1113 does apply to posttrial motions (as we hold it does), however, we review under the abuse of discretion standard whether the trial court was justified in invoking that rule. (*Robbins v. Alibrandi* (2005) 127 Cal.App.4th 438, 452 [25 Cal.Rptr.3d 387] [abuse of discretion standard measures whether court's action " 'falls within the permissible range of options set by the legal criteria' "].)

■ We conclude that posttrial motions come within the plain meaning of Rule 3.1113's reference to "motions." Although Rule 3.1113 does not expressly identify *posttrial* motions as motions that come within its meaning, there are strong indications that they do, even apart from the plain meaning of the words used. For example, motions that are not intended to come within Rule 3.1113's requirements are expressly identified in subdivision (a) of that

supporting the new trial motion. LV Associates corrected this defect by obtaining this court's leave (in the absence of opposition) to augment the record to include the memorandum of points and authorities and declaration filed in support of the new trial motion.

As augmented, the clerk's transcript now contains the memoranda and papers supporting LV Associates's new trial motion, as well as its motion for judgment notwithstanding the verdict. Not designated for inclusion in the record on appeal and still missing from the record, however, are any papers filed in opposition to the posttrial motions.

rule—and posttrial motions are not among the motions identified as exempt. And until its revision as of January 1, 2004, the predecessor to Rule 3.1113 had expressly identified a notice of motion of new trial as exempt from its requirements—an exemption that was omitted from the revised rule. (See Historical Notes, 23 pt. 1B West's Ann. Codes, Rules (2006 ed.) foll. rule 3.1113, p. 11.) Moreover, another rule of court, California Rules of Court, rule 3.1600, expressly provides that a new trial motion may be denied if a "memorandum in support of the motion" is not timely filed—a reference that suggests that the contents of the required "memorandum in support of the motion" is governed by Rule 3.1113(b). Rules 3.1113 and 3.1600 both appear in division 11 of the Civil Rules of the California Rules of Court, entitled "Law And Motion," thereby indicating an intention that both new trial motions and other motions come within the same category.

LV Associates's memoranda of points and authorities—each about one-half page of text—merely quote the statutory provisions requiring entry of judgment notwithstanding the verdict when a directed verdict would have been justified, and permitting a new trial order for excessive damages or insufficiency of the evidence. Apart from these cursory citations, they contain none of the elements that Rule 3.1113(b) requires to be included in support-ing memoranda. They offer no statement of the facts of the case that support the verdict, and no identification of the specific evidence or arguments on which their challenges to the sufficiency of the evidence rely. And although counsel's declaration contends Quantum's evidence should not have been believed, and that the jury should have rejected the computation by Quantum's expert of lost revenues (matters of credibility that are distinctly within the jury's province to evaluate), it does not identify specifically how the record shows that the damage award is necessarily excessive under all of the legal theories available to the jury.[8] As LV Associates itself recognizes, its posttrial challenges rest in large part "on credibility of witnesses." They do not even mention the instructions (and the extensive evidence that justified them) that permitted the jury to rest its general verdict on factual and legal theories that were not limited to Quantum's technical "ownership" of certain products, or to profits from sales of those products.

---

[8] The jury was instructed on a broad range of contract and tort theories of liability and damages, including breach of contract and interference with contract, negligent and intentional misrepresentation, conversion of business records, and misappropriation of confidential infor-mation and trade secrets by a fiduciary—any of which theories might form the basis for the jury's general verdict. (*Posz v. Burchell* (1962) 209 Cal.App.2d 324, 335–336 [25 Cal.Rptr. 896] [general verdict may be supported by a single valid claim, even if error might have infected other claims]; *Henderson v. Harnischfeger Corp.* (1974) 12 Cal.3d 663, 673 [117 Cal.Rptr. 1, 527 P.2d 353] [approving *Posz*].)

■ In the face of these omissions, the trial court had no obligation to undertake its own search of the record "backwards and forwards to try to figure out how the law applies to the facts" of the case. (See *Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409 [58 Cal.Rptr.3d 527] [reviewing court is not obligated to undertake independent examination of record when appellant " 'has shirked his responsibility in this respect' "]; *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 52 [75 Cal.Rptr.3d 413] [where appellant's motion was supported by deficient memorandum, trial court was justified in denying the motion on procedural grounds].) Rule 3.1113 rests on a policy-based allocation of resources, preventing the trial court from being cast as a tacit advocate for the moving party's theories by freeing it from any obligation to comb the record and the law for factual and legal support that a party has failed to identify or provide. On the record in this case, the trial court was justified in declining to look beyond that failure.

### B. *LV Associates Has Shown No Prejudice from the Posttrial Motions' Denial.*

While the trial court identified the motions' technical noncompliance with Rule 3.1113 as the grounds for its ruling, the briefs and abbreviated appellate record have provided this court with no basis on which to determine that LV Associates would have been entitled to the relief the motions requested. LV Associates has not established that it was entitled to a judgment notwithstanding the verdict. (*Begnal v. Canfield & Associates, Inc.* (2000) 78 Cal.App.4th 66, 77–78 [92 Cal.Rptr.2d 611] ["When reviewing an order granting a judgment notwithstanding the verdict our role is not to weigh the evidence, but rather to determine whether any substantial evidence supported the jury verdict."].) Nor has it established that the new trial motion might reasonably have led to a favorable result. (Code Civ. Proc., § 475 [there is "no presumption that error is prejudicial"; no order may be reversed for error unless record demonstrates that without the error a "different result would have been probable"]; *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800 [16 Cal.Rptr.3d 374, 94 P.3d 513] [prejudicial miscarriage of justice will be found only when examination of entire record establishes reasonable probability of result favorable to appellant in absence of error].) The trial court's denial of the posttrial motions therefore must be affirmed.

### III. *No Abuse of Discretion or Prejudice Resulted from the Trial Court's Exclusion of Evidence of Gonzales's Answer to a Form Interrogatory.*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[*]See footnote, *ante*, page 927.

The judgment and rulings on posttrial orders are affirmed.

Rothschild, Acting P. J., and Johnson, J., concurred.

Appellants' petition for review by the Supreme Court was denied October 12, 2011, S195936.