Filed 6/21/13  Williams v. Jones & Jones Management CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JANN WILLIAMS et al., | B236401 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. BC461146) |
| JONES & JONES MANAGEMENT, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County,

Holly E. Kendig, Judge.  Affirmed.

Ronald Williams and Jann Williams, in pro. per., for Plaintiffs and Appellants.

Freeman, Freeman & Smiley and Curtis A. Graham for Defendants and

Respondents.

## INTRODUCTION

Plaintiffs appeal an order granting defendants' special motion to strike the complaint under Code of Civil Procedure section 425.16, the anti-SLAPP statute. Plaintiffs argue that the statute did not apply because the complaint was based on their constitutional right to sue for forcible detainer. We conclude that the trial court correctly found that the complaint arose from activity protected by the anti-SLAPP statute.[1] Plaintiffs also appeal from several interim orders by the trial court which are non-appealable. We do not have jurisdiction to consider the appeal from those orders.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 15, 1998, defendant Jones & Jones Management, Inc. (Jones & Jones) and plaintiff Jann Williams (Ms. Williams) entered into a residential lease of the subject property (Property). On July 12, 2010, Jones & Jones filed a complaint for unlawful detainer on the grounds that Ms. Williams had failed to pay her rent and had been served with a three-day notice to pay rent or quit. Default judgment was entered against Ms. Williams.

On September 30, 2010, Ms. Williams filed a motion to set aside the judgment on the grounds that she had not been properly served with notice of the action and had paid the rent that was overdue. The court denied her motion. Ms. Williams and her husband, Ronald Williams (collectively, plaintiffs) were evicted from the Property on October 19, 2010. Ms. Williams appealed but the appellate division of the superior

---

[1] On June 14, 2013, plaintiffs filed a "Notice of Recent Relevant Decision" with a copy of *Mendoza v. Hamzeh* (2013) 215 Cal.App.4th 799. We do not consider this case relevant to plaintiffs' case.

court affirmed the judgment. Ms. Williams then filed a petition for writ of mandate seeking a reversal of the appellate decision affirming the judgment. The petition was denied.

On May 9, 2011, plaintiffs filed the underlying action for abuse of process, forcible detainer, breach of contract and unfair business practices alleging that Jones & Jones and its counsel, Deborah Friedman (collectively, defendants), had intentionally failed to serve Ms. Williams with the summons and complaint in the unlawful detainer action. Defendants filed an anti-SLAPP motion as to the entire complaint. Plaintiffs moved to strike the anti-SLAPP motion and filed a motion to compel discovery. The court denied plaintiffs' motions. Plaintiffs then moved to disqualify the judge on the grounds that she was biased against them. The court ordered the disqualification motion stricken pursuant to Code of Civil Procedure section 170.4, subdivision (b).[2] On August 26, 2011, the court granted defendants' anti-SLAPP motion as to the entire complaint on the grounds that each cause of action was based on the prosecution of the unlawful detainer action. Plaintiffs filed a timely notice of appeal.

---

[2] Code of Civil Procedure section 170.4, subdivision (b) provides that "if a statement of disqualification is untimely filed or if on its face it discloses no legal grounds for disqualification, the trial judge against whom it was filed may order it stricken."

3

## *DISCUSSION*

1.     *Non-Appealable Orders*

Plaintiffs appeal from the following orders in the trial court: (1) the order granting defendants' anti-SLAPP motion; (2) the order denying plaintiffs' motion to strike the anti-SLAPP motion; (3) the order denying plaintiffs' "motion for a discovery order"; and (4) the order striking plaintiffs' motion to disqualify the judge. Only the court's order granting the anti-SLAPP motion is an appealable order. (Code Civ. Proc., § 904.1, subd. (a)(13).) The other orders are interim orders that have not been expressly designated by statute as appealable orders and, thus, are not appealable. (Code Civ. Proc., § 904.1, subd. (a)(2)-(13); see also *PBA, LLC v. KPOD, Ltd.* (2003) 112 Cal.App.4th 965, 970 [" '[t]he determination of the question of the disqualification of a judge is not an appealable order . . . . ' "], *Warden v. Brown* (1960) 185 Cal.App.2d 626, 629 ["the order of the superior court denying motion to strike respondents' pleadings is nonappealable"], and *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432-1433 [an order compelling compliance with a discovery order is not appealable].) "[A] reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion. [Citations.]' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.) Accordingly, we have no jurisdiction to rule on the interim orders cited by plaintiffs.

2.    *Anti-SLAPP Motion*

We review the trial court's order granting the anti-SLAPP motion de novo (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325), and consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (Code Civ. Proc., § 425.16, subd. (b)(2).)  We " 'accept as true the evidence favorable to the plaintiff [citation] and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law.' " (*Flatley v. Mauro*, *supra,* 39 Cal.4th at p. 326.)

Plaintiffs contend that they have the right to sue for forcible detainer pursuant to the First Amendment and Article 1, Section 7 of the California Constitution, and that, therefore, their complaint was not "subject to" the anti-SLAPP statute.  Plaintiffs do not cite to any authority in support of the proposition that the anti-SLAPP statute does not apply to constitutional issues raised in a complaint.  Plaintiffs also do not address the court's ruling as to the other three causes of action in their complaint.

Resolution of an anti-SLAPP motion requires a two-step inquiry.  "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute. ([Code Civ. Proc.,] § 425.16, subd. (b)(1).)  If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of

5

prevailing on the claim." (*Equilon Enterprises v. Consumer Cause, Inc*. (2002) 29 Cal.4th 53, 67.)

In determining whether a moving party has met its burden under the first prong of the anti-SLAPP analysis, "the critical consideration is whether the cause of action *is based* on the defendant's protected free speech or petitioning activity." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89, italics omitted.) Prosecution of an unlawful detainer action is protected activity within the meaning of the anti-SLAPP statute. (*Birkner v. Lam* (2007) 156 Cal.App.4th 275, 281.) This includes service of the three-day notice to quit since it is a legally required prerequisite to the filing of an unlawful detainer action. (*Id.,* at pp. 281-285.) Here, each cause of action was based on defendants' alleged failure to properly serve the three-day notice to pay rent or quit in support of the unlawful detainer action. Therefore, defendants met their burden of showing that the complaint was based on activity protected by the anti-SLAPP statute. Plaintiffs do not argue that they demonstrated a probability of prevailing on their claims and, thus, have not shown that they met their burden under the second prong of the anti-SLAPP analysis. Accordingly, we find that the trial court's order granting the anti-SLAPP motion was proper.

## *DISPOSITION*

The order granting the anti-SLAPP motion is affirmed. The plaintiffs' appeal from the three non-appealable interlocutory orders described in this opinion is dismissed. Defendants are to recover their costs on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

HEESEMAN, J.

7