Filed 12/18/14  Prof. Collection Consultants v. Lauron CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PROFESSIONAL COLLECTION CONSULTANTS,<br><br>　　　Plaintiff, Cross-Defendant and Appellant,<br><br>　　　　　v.<br><br>KRYSTAL LAURON,<br><br>　　　Defendant, Cross-Complainant and Respondent;<br><br>TODD ALLEN SHIELDS et al.,<br><br>　　　Cross-defendants and Appellants. | H039718<br>(Santa Clara County<br>Super. Ct. No. 111CV213127) |

　　　Professional Collection Consultants (PCC) brought a lawsuit in November 2011 against Krystal Lauron to collect a $10,000 debt allegedly owing.  Todd Shields, PCC's vice president, verified the complaint.  The debt had been assigned from a lending institution to Wireless Receivables Acquisition Group (WRAG), which, in turn, assigned it to PCC.  Over a year after her initial appearance in the suit, Lauron filed a First Amended Cross-Complaint (Cross-Complaint) against PCC, WRAG, Shields, and Clark Garen, an attorney.  (Hereafter, PCC, WRAG, Shields, and Garen are collectively referred to as appellants.)  She alleged that appellants, by suing her, had violated federal

and state debt collection laws.  Appellants filed both a demurrer to and a motion to strike the Cross-Complaint.  On May 21, 2013, the court overruled the demurrer and denied the motion to strike.  Appellants filed a notice of appeal.

Appellants argue the demurrer should have been sustained without leave to amend, based upon Lauron's noncompliance with section 1714.10 of the Civil Code.[1]  Under that statute, a plaintiff (or cross-complainant), under certain circumstances where he or she brings suit against an attorney for civil conspiracy with the attorney's client, must first petition the court for an order allowing the pleading based upon a finding that the plaintiff "has established that there is a reasonable probability that the party will prevail in the action."  (§ 1714.10, subd. (a); § 1714.10(a).)  Appellants contend that because Garen is the attorney for PCC who brought the action, Lauron's Cross-Complaint is barred because of her failure to petition for and obtain a presuit filing order under section 1714.10(a).

We conclude appellants' challenge to the order overruling the demurrer and denying the motion to strike is not cognizable because it is a challenge to a nonappealable order.  Because we have no jurisdiction to consider this matter and because we decline appellants' request to deem their appeal to be a petition for writ of mandate, we will dismiss the appeal.

PROCEDURAL BACKGROUND

*I.      Complaint*

On November 14, 2011, PCC filed suit against Lauron.  In the caption of the complaint, it was noted that the attorneys for PCC were Garen and Robert F. Henry, both at the "Law Offices of Clark Garen (Salaried Employees of PCC)."  (Capitalization omitted.)  PCC alleged as a limited civil case one cause of action for common count (open book account).  PCC alleged that its complaint was based upon an obligation of

---

[1] All further statutory references are to the Civil Code unless otherwise specified.

2

$10,000 in which Chase Bank USA, N.A. (Chase) was the original creditor and that the claim was later assigned by WRAG to PCC.

   II.    *Cross-Complaint*

   On December 15, 2011, Lauron filed the initial cross-complaint against PCC, alleging two causes of action. On January 28, 2013, Lauron filed the (First Amended) Cross-Complaint against PCC, Shields, WRAG, and Garen.

   Lauron asserted two causes of action in the Cross-Complaint, namely, (1) damages for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), and (2) damages for violations of the Rosenthal Fair Debt Collection Practices Act, sections 1788 to 1788.33 (RDCPA). She alleged[2] that she was a "debtor" and each of the appellants was a "debt collector" within the meaning of both the FDCPA and the RDCPA. Garen was at all times a licensed California attorney; "the sole owner and manager of [WRAG]"; and a salaried employee of PCC. Garen, in his capacity as WRAG's manager and owner, personally selected Lauron's account for its purchase by WRAG, intending to file the complaint herein to collect on the debt.

   Lauron's obligation with Chase that was the basis for PCC's complaint was assigned to WRAG on July 27, 2010, and it was later "placed, consigned or otherwise transferred to Cross-Defendant, PCC, for the purpose of collection only." Garen and WRAG continued to have a beneficial interest in the obligation. The Chase debt was governed by a written "Cardmember Agreement" which provided that the account would "be governed and interpreted in accordance with federal law and, to the extent state law applie[d], the law of Delaware, without regard to conflict-of-law principles." (Capitalization omitted.)

---

   [2] The statements made in this paragraph and the succeeding two paragraphs are based upon the allegations made by Lauron in her Cross-Complaint. For simplicity and to avoid repetition, we have generally omitted the phrase "Lauron alleges in her Cross-Complaint" in describing those allegations.

3

Lauron alleged in the Cross-Complaint that appellants filed the complaint "in an attempt to collect on the alleged debt." In filing the collection suit, appellants violated the FDCPA and RDCPA because (among other reasons) they were knowingly attempting to collect a debt barred by the applicable statute of limitations.

### III.    Demurrer and Motion to Strike

On February 21, 2013, appellants filed a demurrer to the Cross-Complaint and a concurrent motion to strike specified allegations of that pleading. Lauron opposed the demurrer and motion to strike. In an order filed May 21, 2013, the court overruled the demurrer and denied the motion to strike.

On May 30, 2013, appellants filed a notice of appeal from the order, specifically noting that an appeal was authorized under section 1714.10, subdivision (d).

## DISCUSSION

### I.    Whether Appeal Should Be Dismissed

#### A.    Lauron's Motion to Dismiss the Appeal

On October 18, 2013, Lauron filed a motion to dismiss the appeal. Appellants filed written opposition to that motion. We ordered that the motion to dismiss be considered together with the underlying appeal.

Lauron argues in her motion to dismiss that the appeal is improper because an order overruling a demurrer is not appealable. She argues further that section 1714.10, subdivision (d) does not authorize the appeal here because the Cross-Complaint did not allege a claim for civil conspiracy involving an attorney and his or her client. Lauron also contends that appellants are seeking review of legal issues raised in their demurrer, such as questions concerning the applicability of statute of limitations and tolling principles. She asserts that appellants have not raised circumstances that would justify our treatment of this "purported appeal from a nonappealable order as a petition for writ of mandate."

4

Appellants respond that the order is appealable under section 1714.10, subdivision (d). They argue that the issue concerning section 1714.10 "was clearly *raised* before the Trial Court." (Original italics.) And they assert that they made it clear to the court below that they believed the court's order would be appealable. They claim that the appeal lies because "the [L]egislature created a very broad right to appeal *any* final adjudication of rights under *California Civil Code Section* 1714.10." (Original italics.)

### B. Section 1714.10 Argument Was Not Properly Before the Court

#### 1. Section 1714.10

Section 1714.10(a) provides in relevant part: "No cause of action against an attorney for a civil conspiracy with his or her client arising from any attempt to contest or compromise a claim or dispute, and which is based upon the attorney's representation of the client, shall be included in a complaint or other pleading unless the court enters an order allowing the pleading that includes the claim for civil conspiracy to be filed after the court determines that the party seeking to file the pleading has established that there is a reasonable probability that the party will prevail in the action." Such a prefiling order must be based upon a verified petition that includes the proposed pleading. The petition must also include affidavits showing a factual basis for the claim, and the court is required to have the petition and supporting papers served upon the adverse party to permit opposition. (See *Pavicich v. Santucci* (2000) 85 Cal.App.4th 382, 394-395 [statute "aimed at situations where the attorney is acting in his or her official capacity [as] . . . indicated by the statute's legislative history and the Legislature's concern with conspiracy actions designed to 'disrupt' the attorney/client relationship"]; *Evans v. Pillsbury, Madison & Sutro* (1998) 65 Cal.App.4th 599, 604 [§ 1714.10 "was intended to weed out the harassing claim of conspiracy that is so lacking in reasonable foundation as to verge on the frivolous"].) The petition requirement of subdivision (a) does not apply where the attorney-client civil conspiracy is one "where (1) the attorney has an

independent legal duty to the plaintiff, or (2) the attorney's acts go beyond the performance of a professional duty to serve the client and involve a conspiracy to violate a legal duty in furtherance of the attorney's financial gain." (§ 1714.10, subd. (c).)

A party's noncompliance with the requirements under subdivision (a) to petition the court for a prefiling order is a defense to the claim. (§ 1714.10, subd. (b).) But the failure of the party-attorney to assert the defense in a timely manner "upon that attorney's first appearance by demurrer, motion to strike, or such other motion or application as may be appropriate" results in a waiver of that defense. (*Ibid.*; see *Villa Pacific Building Co. v. Superior Court* (1991) 233 Cal.App.3d 8, 12 [requirements of prefiling order under § 1714.10 not jurisdictional; attorney must assert defense "at the first available opportunity" or it is waived].) Subdivision (d) of the statute allows for an immediate appeal of an adverse ruling under section 1714.10: "Any order made under subdivision (a), (b), or (c) which determines the rights of a petitioner or an attorney against whom a pleading has been or is proposed to be filed, shall be appealable as a final judgment in a civil action." (See *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2005) 131 Cal.App.4th 802, 818-819.)

### 2. *Appellants' Demurrer and Motion to Strike*

In their demurrer and motion to strike filed February 21, 2013, appellants filed five documents consisting of 159 pages: (1) notice of hearing on demurrer; (2) notice of hearing on motion to strike; (3) memorandum of points and authorities in support of demurrer and motion to strike; (4) request for judicial notice; and (5) copies of out-of-state authorities in support of demurrer and motion to strike. Although the notice of hearing on demurrer identified seven specific grounds, it contained no reference to section 1714.10. Similarly, there was no mention of section 1714.10 in the notice of hearing on the motion to strike, notwithstanding the listing of 64 separately itemized motions to strike in that 30-page notice. Further, there is no mention of section 1714.10 or its requirements in appellants' 14-page memorandum of points and authorities. And

neither appellants' request for judicial notice nor their pleading attaching out-of-state authorities concerned section 1714.10.

On March 5, 2013, appellants filed a first amended notice of hearing on demurrer (amended demurrer notice). In it, they repeated the seven grounds contained in the original notice, and added as a new first ground: "This is a complaint against an attorney and his client for civil conspiracy that was filed in violation of California Civil Code Section 1714.10. Therefore, all parties have a complete defense established by the statute." No further explanation concerning this additional ground was provided, and appellants did not amend or supplement their points and authorities to address section 1714.10.

Lauron filed opposition to the demurrer and motion to strike on March 12, 2014. In it, she addressed the arguments raised in appellants' points and authorities, but did not respond to the brief reference concerning section 1714.10 contained in appellants' amended demurrer notice. Appellants then argued in their reply memorandum that Lauron "completely failed to address this issue [application of section 1714.10], thereby conceding it."

At the hearing on the demurrer and motion to strike, appellants' counsel and cross-defendant, Garen, argued that section 1714.10 applied to the Cross-Complaint. He argued that the reference to the statute in appellants' amended demurrer notice was "sufficient to make the defense," and "ask[ed] the Court to reconsider that."[3]

In its five-page formal order, after reciting and addressing the various arguments made by appellants in support of their demurrer, the court noted that appellants had raised for the first time in their reply memorandum "a new argument regarding the litigation privilege." (See § 47, subd. (b).) The court held the argument was "not properly before

---

[3] There are references in the reporter's transcript to a tentative ruling by the court that was being challenged by appellants. The tentative ruling is not part of the record.

7

the court." The court then addressed appellants' assertion of a claimed defense under section 1714.10: "Cross-Defendants also argue in reply that Lauron did not address the issue of" Civil Code section 1714.10, which prohibits a cause of action against an attorney for civil conspiracy with his or her client unless permitted by the court. Cross-Defendants filed an amended notice of hearing on demurrer on March 5, 2013, which added a reference to this statute as another basis for demurrer. Cross-Defendants' memorandum of points and authorities, which was filed prior to March 5, 2013, contained no reference to this statute whatsoever. '[A] point which is merely suggested by a party's counsel, with no supporting argument or authority, is deemed to be without foundation and requires no discussion.' [Citations.]" The court held further that "Lauron has not asserted a cause of action based on an articulated theory of civil conspiracy between an attorney and client, so it is not clear how the statute applies to the instant action." As discussed below, we will conclude the trial court did not rule on the merits of the section 1714.10 argument that was belatedly raised by appellants in their reply memorandum.

*3.  Discussion:  Defense Was Not Properly Before the Court*

A memorandum of points and authorities in support of a civil motion "must contain a statement of facts, a concise statement of the law, evidence and arguments relied on, and a discussion of the statutes, cases, and textbooks cited in support of the position advanced." (Cal. Rules of Court, rule 3.1113(b).)[4] The rules concerning civil law and motion are generally applicable to demurrers. (Rule 3.1103(c).) The requirements of rule 3.1113(b) that the memorandum in support of the motion contain "a concise statement of the law, evidence and arguments relied on," as well as citation of statutes and case authorities supporting the motion, are in recognition of the fact that "the

_____

[4] All further rule references are to the California Rules of Court unless otherwise specified.

8

moving party must carry the initial burden of informing its opponent and the court of the specific basis for its motion. [Citation.]" (*People v. Williams* (1999) 20 Cal.4th 119, 129 (*Williams*).) Thus, for instance, where the defendants' motions for new trial and for judgment notwithstanding the verdict consisted of mere recitations of the general standards for granting the motions without a specification of the evidence and arguments upon which the motions were based, the trial court was justified in invoking the defendants' noncompliance with rule 3.1113 in declining to consider the matter. (*Quantum Cooking Concepts, Inc. v. LV Associates, Inc.* (2011) 197 Cal.App.4th 927, 932-933 (*Quantum Cooking*); see also *Black v. Financial Freedom Senior Funding Corp.* (2001) 92 Cal.App.4th 917, 925, fn. 9 [appellate court declines to consider respondents' contentions that there was no factual basis for claims when respondents failed in their motion for summary judgment to present argument "to any material extent at all"].)

As explained recently by the Fourth District Court of Appeal: "The general rule of motion practice . . . is that new evidence is not permitted with reply papers. This principle is most prominent in the context of summary judgment motions, which is not surprising, given that it is a common evidentiary motion. '[T]he inclusion of additional evidentiary matter with the reply should only be allowed in the exceptional case . . .' and if permitted, the other party should be given the opportunity to respond. [Citations.]" (*Jay v. Mahaffey* (2013) 218 Cal.App.4th 1522, 1537-1538; see also *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 316 (*San Diego Watercrafts*) [movant's inclusion of new facts in reply papers in support of summary judgment was improper; based upon due process considerations, opponent must have opportunity to respond to evidence].) Furthermore, a well-regarded practice guide cautions that "[i]t is a mistake to leave key arguments for the reply brief on the theory it will give you the 'last word' with the court. The court may *refuse to consider new evidence or arguments first raised in reply papers*, or it may grant the other side time for further briefing. [Citations.]" (Weil & Brown, Cal. Practice Guide: Civil Procedure

9

Before Trial (The Rutter Group 2014) ¶ 9:106.1, p. 9(l)-88, original italics; see also *id.*, ¶ 7:122.9, p. 7(l)-49 ["court may disregard arguments or grounds for demurrer first raised in a reply brief"].)

A similar principle bars an appellant's raising of issues for the first time in a reply brief. (See, e.g., *In re Marriage of Ackerman* (2006) 146 Cal.App.4th 191, 214 [appellate court, absent good cause, need not consider argument first raised in reply brief]; *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685 [appellant's assertion of new claims of error in reply brief, after respondents' brief noted omission of arguments, was defective and arguments deemed forfeited].) "Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant." (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11.)

The trial court here noted that appellants' memorandum in support of the demurrer contained no reference to the contention that Lauron's Cross-Complaint was barred under section 1714.10. The court acknowledged that after appellants filed their demurrer and motion to strike, they filed an amended demurrer notice adding a reference to section 1714.10 "as another basis for demurrer." But it found this belated, cursory reference to the statute to be insufficient to preserve appellants' argument, observing: " '[A] point which is merely suggested by a party's counsel, with no supporting argument or authority, is deemed to be without foundation and requires no discussion.' [Citations.]"

The trial court did not err in holding that appellants had failed to properly tender the issue of compliance with section 1714.10(a) in connection with their demurrer. Appellants' omission of this argument and supporting legal authority in their voluminous papers filed in support of the demurrer and motion to strike—which, it bears emphasis, included a demurrer notice specifying seven separate grounds and a separate notice containing 64 itemized motions to strike—was in violation of rule 3.1113(b). As the moving parties, appellants had the obligation to assert in their papers that this statute was

10

a basis for their demurrer and present legal argument in support of their position. (*Williams*, *supra*, 20 Cal.4th at p. 129.) Garen, as the attorney claiming to have been sued for civil conspiracy with a client, was required to assert the defense in a timely manner "upon that attorney's first appearance by demurrer, motion to strike, or such other motion or application as may be appropriate." (§ 1714.10, subd. (b).) He failed to do so and, as a result, waived the defense.

The court also correctly concluded that appellants' attempt to raise the issue through a cursory reference to it in the amended demurrer notice was unavailing. In *Schaeffer Land Trust v. San Jose City Council* (1989) 215 Cal.App.3d 612, 619, footnote 2, this court held that " '[a] point which is merely suggested by . . . counsel, with no supporting argument or authority, is deemed to be without foundation and requires no discussion.' [Citation.]" (Cf. *People v. Smith* (2003) 30 Cal.4th 581, 616, fn. 8 [appellate courts will not consider perfunctory contentions unsupported by argument]; *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [conclusory presentation in appellate brief without argument or application of pertinent law was inadequate and unsupported contentions are deemed waived].)

Moreover, appellants' belated assertion of the argument in their reply papers was ineffective to present the position to the court. Since the argument was not made in appellants' moving papers, Lauron had no opportunity to respond to it. (See *San Diego Watercrafts*, *supra*, 102 Cal.App.4th at p. 316.) Appellants' approach of "saving" what they now deem to be a critical argument in support of their demurrer—whether it was done intentionally or inadvertently—was ineffectual in tendering the issue to the trial court. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra*, ¶ 7:122.9, p. 7(l)-49; ¶ 9:106.1, p. 9(l)-88.) Thus, the trial court concluded that the argument was not properly before it. It did not abuse its discretion in making this determination. (See *Quantum Cooking*, *supra*, 197 Cal.App.4th at p. 932 [trial court did not abuse its discretion in invoking rule 3.1113 to noncomplying post-trial motions].)

11

Furthermore, we reject appellants' contention that the trial court considered and ruled on the merits of appellants' untimely section 1714.10 claim. It is true that the court, after concluding that the contention was not properly before it because it was not addressed in the memorandum of points and authorities in support of the demurrer and motion to strike, added: "Lauron has not asserted a cause of action based on an articulated theory of civil conspiracy between an attorney and client, so it is not clear how the statute applies to the instant action." But this one-sentence comment does not suggest the court addressed the merits of a section 1714.10 claim—which claim Lauron did not have the opportunity to address in her opposing papers. Thus, we conclude that the trial court did not rule on the merits of appellants' section 1714.10 claim.

It is well settled that an order overruling or sustaining a demurrer is not appealable. (*Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695; *In re Troy D.* (1989) 215 Cal.App.3d 889, 896.) Likewise, an order granting or denying a motion to strike a pleading is not appealable. (*Fraser-Yamor Agency, Inc. v. County of Del Norte* (1977) 68 Cal.App.3d 201, 207; *Warden v. Brown* (1960) 185 Cal.App.2d 626, 629.) Although an appeal will lie from an order under section 1714.10 "determin[ing] the rights of a petitioner or an attorney against whom a pleading has been or is proposed to be filed" (§ 1714.10, subd. (d)), since no contention under section 1714.10 was properly before the trial court, appellants cannot invoke the statute here to convert an otherwise nonappealable order into one that is appealable.

C.      Request to Deem Appeal Petition for Writ of Mandate

Appellants also assert several arguments addressing legal issues unrelated to their claim that the Cross-Complaint was subject to demurrer under section 1714.10. They contend the court erred in overruling their demurrer because the court's ruling implicitly credited Lauron's position that the underlying debt that was the basis for PCC's complaint was barred by the statute of limitations. Appellants argue that (1) any choice of law provision in the cardholder agreement between Chase and Lauron did not apply

12

because PCC's action was for an open book account, not an action on the underlying contract; (2) the cardholder agreement provides for the application of the federal statute of limitations, which is four years, and therefore the complaint is not time-barred; and (3) even if the three-year statute of limitations under Delaware law applies, the complaint is not time-barred because the statute was tolled during the period of time Lauron was absent from Delaware. Finally, they argue that the Cross-Complaint was barred by the litigation privilege (§ 47, subd. (b)).

Appellants urge that we consider these arguments—i.e., "expand this appeal under . . . Section 1714.10 to include a resolution of the issue of which statute of limitations applies in cases like this"—notwithstanding that they may involve appellate challenges that ordinarily must wait until the entry of a final judgment below. They request that we treat their appeal as a petition for writ of mandate to address these additional issues.[5]

We decline appellants' request. As a reviewing court, we have jurisdiction to hear an appeal only where it is from an appealable judgment or order. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) An appellate court may exercise its discretion to treat a purported appeal from a nonappealable order as a petition for writ of mandate, but it "should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401 (*Olson*).) " 'Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts with reviews of intermediate orders.'

---

[5] In making this argument, appellants' counsel, Garen, cites and quotes at length a 2008 unpublished decision of the Second District Court of appeal in clear violation of rule 8.115(a). We will disregard this improperly cited authority, and counsel is admonished to refrain in the future from citing to unpublished or depublished cases. (See *Alicia T. v. County of Los Angeles* (1990) 222 Cal.App.3d 869, 886 [sanctions imposed against appellants' counsel for filing briefs not incompliance with Rules of Court, including improper reliance on depublished authority].)

13

[Citation.] 'Strong policy reasons underpin the one final judgment rule, and the guidelines for "saving" appeals from nonappealable orders. The interests of clients, counsel, and the courts are best served by maintaining, to the extent possible, bright-line rules which distinguish between appealable and nonappealable orders. To treat the instant appeal as a writ application would obliterate that bright line and encourage parties to knowingly appeal from nonappealable orders, safe in the knowledge that their appeal will be "saved by the appellate courts." We cannot condone or encourage such practice.' [Citation.]" (*San Joaquin County Dept. of Child Support Services v. Winn* (2008) 163 Cal.App.4th 296, 301.)

We do not perceive this case to present "unusual circumstances" (*Olson*, *supra*, 35 Cal.3d at p. 401) compelling us to disregard traditional principles of appellate jurisdiction. Accordingly, we will not deem the purported appeal here from a nonappealable order as a petition for writ of mandate. (See *Jackson v. Wells Fargo Bank* (1997) 54 Cal.App.4th 240, 245 [court declines to treat purported appeal as petition for writ of mandate because of absence of " 'unusual circumstances' "].)

DISPOSITION

The appeal from the order overruling the demurrer to the First Amended Cross-Complaint and denying the motion to strike specified allegations therein is dismissed.

_____
                          Márquez, J.


WE CONCUR:


_____
      Bamattre-Manoukian, Acting P.J.


_____
      Grover, J.