Filed 11/22/21  McGroarty v. American Multi-Cinema CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SEAN McGROARTY,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AMERICAN MULTI-CINEMA, INC.,<br><br>    Defendant and Appellant. | B305603<br><br>Los Angeles County<br>Super. Ct. No. BC686161 |

APPEAL from an order of the Superior Court of Los Angeles County, James A. Kaddo, Judge. Affirmed.

Manning & Kass Ellrod, Ramirez, Trester, Brian T. Moss, Karen Liao, Edwin N. Sasaki and Mark R. Wilson for Defendant and Appellant.

Klinedinst, Heather L. Rosing and Benjamin C. Wohlfeil for Plaintiff and Respondent.

## INTRODUCTION

Defendant and appellant American Multi-Cinema, Inc. (AMC) appeals from an order granting in part a motion to tax costs filed by plaintiff and respondent Sean McGroarty (plaintiff). AMC does not challenge the substance of the court's ruling but contends the court lacked jurisdiction to hear the motion because plaintiff impermissibly served the motion by email only.

Although the parties extensively briefed issues of statutory interpretation and possible conflicts between the Code of Civil Procedure, the California Rules of Court, and applicable local rules, it is unnecessary to reach those issues.[1] AMC waived any defect in plaintiff's service of the motion to tax costs by filing an opposition on the merits and appearing at the hearing to oppose the motion on the merits. In addition, AMC fails to assert any prejudice resulting from either the service method or the court's ruling. Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

The facts necessary to this appeal are few. Following a jury trial in which AMC prevailed, the court entered a judgment in favor of AMC awarding costs in an unspecified amount. AMC filed a cost memorandum seeking routine costs as well as expert witness fees as costs under Code of Civil Procedure section 998, subdivision (c).[2]

---

[1] We deny plaintiff's request for judicial notice, filed July 8, 2021, as moot.

[2] All undesignated statutory references are to the Code of Civil Procedure.

Plaintiff filed a timely motion to tax costs arguing mainly that AMC's settlement offer was overbroad and therefore invalid. Plaintiff served the motion on AMC's counsel electronically. AMC opposed the motion, arguing that plaintiff's electronic service was improper under section 1010.6, subdivision (a)(2)(A)(i) and, in any event, that the settlement offer was valid. AMC did not request additional time to respond to plaintiff's motion, nor did AMC claim it had been prejudiced by electronic service.

The court heard the motion to tax costs on February 6, 2020. Counsel for AMC appeared at the hearing and addressed both the alleged service defect and the merits of the motion to tax costs. Again, AMC did not request additional time to respond to plaintiff's motion, nor did AMC claim it had been prejudiced by the electronic service of the motion.

The court issued and served its ruling on February 6, 2020. AMC timely appeals.

## DISCUSSION

AMC does not identify any substantive error in the court's ruling on plaintiff's motion to tax costs. Instead, AMC contends the court lacked jurisdiction to consider plaintiff's motion because plaintiff used an unauthorized method (email) to serve it. We assume, without deciding, that service was improper. Nevertheless, AMC is incorrect as to its jurisdictional argument and, in any event, waived any defect in plaintiff's service of the motion to tax costs by opposing the motion on the merits. AMC also fails to demonstrate any prejudice resulting from either the alleged service defect or the court's ruling.

### 1. Standard of Review

Generally, we review a court's decision to award or deny costs under section 998 for an abuse of discretion. (See, e.g., *Najera v. Huerta* (2011) 191 Cal.App.4th 872, 877.) But AMC's argument relates solely to the interpretation of statutes, rules of court, and local rules regarding filing and service of a motion to tax costs. "Because this determination involves a question of statutory construction, our review is de novo." (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527; and see *Quantum Cooking Concepts, Inc. v. LV Associates, Inc.* (2011) 197 Cal.App.4th 927, 932 [noting appellate courts independently review applicability of Rules of Court].)

### 2. Plaintiff timely filed his motion to tax costs.

Section 1032, subdivision (b) provides, "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." The California Rules of Court, rule 3.1700, requires a prevailing party claiming costs to "serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment … ." (Cal. Rules of Court, rule 3.1700(a)(1).) If the opposing party objects to any or all of the claimed costs, "[a]ny notice of motion to strike or to tax costs must be served and filed 15 days after service of the cost memorandum." (*Id.*, rule 3.1700(b)(1).)

AMC concedes that plaintiff timely filed his motion to tax costs. AMC objects, however, to plaintiff's method of service. As noted, plaintiff served AMC's counsel with the motion via email only, which AMC asserts was not an authorized method of service in this case. AMC contends that "[a] party who fails to timely

4

serve a motion to tax costs is conclusively deemed to have waived any and all objections to the cost bill, and the trial court lacks discretion to excuse an untimely or improperly served motion to tax costs."

Critically, AMC fails to establish that improper *service* of the motion deprived the court of jurisdiction. AMC cites, and quotes, four cases holding that the " 'failure to *file* a motion to tax costs constitutes a waiver of the right to object. [Citations.]' " (*Douglas v. Willis* (1994) 27 Cal.App.4th 287, 289, italics added; *Jimenez v. City of Oxnard* (1982) 134 Cal.App.3d 856, 859 [" '[I]f a party to an action against whom cost is awarded neglects within the time specified in [former] section 1033 to apply to the court to have the same taxed, he is deemed to have assented to the correctness and lawfulness of the items as claimed in the verified memorandum of costs as filed ... .' "]; *Davis Lumber Co. v. Hubbell* (1955) 137 Cal.App.2d 148, 151 ["When a cost bill is filed it is not the duty of the clerk to determine the regularity of its filing. The burden of attacking it rests upon the party who will have to pay the costs, and if he fails to move within the time allowed he is "conclusively" presumed to have waived such irregularity."]; *San Francisco Unified School District v. Board of National Missions* (1954) 129 Cal.App.2d 236, 243 [same].) But contrary to AMC's argument, none of those cases holds that the failure to properly *serve* a motion to tax costs has the same effect. Accordingly, we reject the argument. (See *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656 [noting that matters not properly raised or that lack adequate legal discussion will be deemed forfeited].)

5

## 3. AMC waived any defect in the service of the motion to tax costs by opposing the motion on the merits and failing to establish prejudice.

Even if plaintiff failed to properly serve his motion to tax costs, AMC waived any service defect by opposing the motion on the merits and failing to demonstrate prejudice.

"The principal purpose of the requirement to file and serve a notice of motion a specified number of days before the hearing [citation] is to provide the opposing party adequate time to prepare an opposition. That purpose is served if the party appears at the hearing, opposes the motion on the merits, and was not prejudiced in preparing an opposition by the untimely notice." (*Arambula v. Union Carbide Corp.* (2005) 128 Cal.App.4th 333, 343.) Accordingly, " 'a party who appears and contests a motion in the court below cannot object on appeal ... that he had no notice of the motion or that the notice was insufficient or defective.' [Citations.]" (*Alliance Bank v. Murray* (1984) 161 Cal.App.3d 1, 8; *De Luca v. Board of Supervisors* (1955) 134 Cal.App.2d 606, 609 ["The general rule is that one who has been notified to attend a certain proceeding and does do so, cannot be heard to complain of alleged insufficiency of the notice; it has in such instance served its purpose. This rule applies to one who appears in a lawsuit after defective service of process upon him (citation), [and] to one who responds to a notice of motion without adequate notice (citation)."].)

The case for waiver of defective service is particularly strong where, as here, the complaining party fails to show any prejudice resulting from the allegedly defective service. *Carlton v. Quint* (2000) 77 Cal.App.4th 690 (*Carlton*), illustrates the point. Plaintiff Carlton objected to service of the defendant's motion for

6

summary judgment as untimely. He also claimed he was out of state on the date specified in the proof of service. Finally, Carlton asserted the proof of service was inadequate because it was not sufficiently detailed. The trial court found that service was adequate but did not explain its rationale. (*Id.* at p. 696.) The court then granted the motion and entered judgment in favor of Quint. (*Id.* at p. 693.)

The court of appeal affirmed, concluding that even if Carlton had not been properly served with the motion for summary judgment, no reversal was required. (*Carlton, supra*, 77 Cal.App.4th at pp. 696–697.) The court explained, " '[i]t is well settled that the appearance of a party at the hearing of a motion and his or her opposition to the motion on its merits is a waiver of any defects or irregularities in the notice of motion. [Citations.] This rule applies even when no notice was given at all. [Citations.] Accordingly, a party who appears and contests a motion in the court below cannot object on appeal or by seeking extraordinary relief in the appellate court that he had no notice of the motion or that the notice was insufficient or defective.' [Citations.]" (*Id.* at p. 697.) And, the court noted, "[a]lthough [Carlton] did raise the issue of inadequate service in his opposition and at the summary judgment hearing, he nevertheless filed a response to the motion for summary judgment, never claimed he did not have adequate time to prepare a response, appeared at the hearing, argued the merits, never requested a continuance, and never claimed he was prejudiced by the defective service or inadequate notice of hearing. As stated, under these circumstances, we conclude Carlton waived any alleged defective service or inadequate notice." (*Id.* at p. 698.)

The same is true here. AMC opposed plaintiff's motion to tax costs, arguing that plaintiff's electronic service was improper under section 1010.6, subdivision (a)(2)(A)(i) and that plaintiff's motion lacked merit. In addition, counsel for AMC appeared at the hearing on February 6, 2020 and addressed both the alleged service defect and the merits of the motion to tax costs. AMC never requested additional time to respond to plaintiff's motion, nor did AMC ever claim it had been prejudiced by electronic service. Accordingly, AMC waived any defect in the service of the motion to tax costs.

4.     **AMC fails to demonstrate prejudice on appeal.**

Finally, we note that AMC has failed to establish that it was prejudiced by the court's ruling on the motion to tax costs.

An appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an appellant fails to satisfy that burden, his argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.]" (*Ibid.*)

As noted, AMC did not argue below that it was prejudiced by the fact that plaintiff served the motion to tax costs electronically. AMC received the motion and timely filed its opposition. AMC never requested additional time to prepare its opposition, nor did it ever complain that plaintiff's electronic service resulted in any sort of prejudice. And on appeal, AMC

8

does not even suggest that it suffered any prejudice as a result of plaintiff's use of electronic service.[3]

For this additional reason, we reject AMC's arguments.

## DISPOSITION

The order is affirmed. Plaintiff and respondent Sean McGroarty shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

WINDHAM, J.*

---

[3] Indeed, counsel conceded at oral argument that AMC was not prejudiced by plaintiff's use of electronic service.

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.